Bankes, Appellant, *v.* State Farm Mutual
Automobile Insurance Company.

Argued December 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William R. Keller*, with him *Stephen A. Teller*, for appellant.

*Charles L. Casper*, with him *William J. Fahey* and *Fahey & Casper*, for appellee.

OPINION BY HOFFMAN, J., March 23, 1970:

This is an appeal from a judgment in the lower court entered in behalf of defendant State Farm Mutual Automobile Insurance Company [State Farm].

The matter had been submitted as a case stated in the lower court.[1]

The facts may be set out briefly as follows:

On August 23, 1966, State Farm issued to Paul Bankes, Jr., an automobile insurance policy on his automobile which was to expire on April 3, 1967. The policy was renewed and was in effect on August 6, 1967. On August 2, 1967, Bankes purchased a motorcycle. Four days later, on August 6, 1967, while operating the motorcycle Bankes was struck and killed by an automobile driven by an uninsured motorist.

Under the uninsured automobile coverage of Bankes' policy, State Farm agreed, "[t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile."

State Farm claimed, however, that it was not liable under its uninsured automobile coverage by reason of the following exclusion in the policy which stated:

"Insuring Agreement III (the Uninsured Automobile provision) does not apply . . . (b) to bodily injury to an insured while occupying . . . a land motor vehicle owned by the named insured . . . if such vehicle is not an 'insured automobile.' "

---

[1] Since the case involved the interpretation of provisions under the uninsured automobile coverage, either party could have insisted on the matter being submitted to arbitration. *Great American Ins. Co. v. American Arbitration Association*, 436 Pa. 370, 260 A. 2d 769 (1970) ; *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A. 2d 618 (1969) ; *Merchants Mutual Ins. Co. v. American Arbitration Association*, 433 Pa. 250, 248 A. 2d 842 (1969) ; *Harleysville Mutual Ins. Co. v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968) ; *National Grange Mutual Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 (1968). Both parties here, however, apparently waived their contractual right to have the matter submitted to arbitration.

It should be noted that had Bankes been driving a newly-purchased automobile which was not specifically covered under the policy at the time of the accident, he would nonetheless, have been covered by reason of the "Newly Acquired Automobile" provisions of the policy which extend coverage for thirty days after the purchase of such automobile. This provision did not cover motorcycles, however, because an "automobile" is defined in the policy as a "four wheel land motor vehicle."

Appellant concedes that the driver of the motorcycle was excluded by the specific language of the policy. He argues, however, that the exclusion in the uninsured motorist policy, which denies coverage to an insured while operating a motorcycle owned by him but not insured under the policy, is void since it is repugnant to the Pennsylvania uninsured motorist act, Act of August 14, 1963, P. L. 909, 40 P.S. §2000.[2]

The only case in Pennsylvania which has considered the validity of exclusionary provisions in uninsured automobile coverage is *Harleysville Mutual Casualty Co. v. Blumling*, 429 Pa. 389, 241 A. 2d 112 (1968). The Supreme Court there recognized that the purpose of the uninsured motorist act is to provide protection for innocent victims of irresponsible drivers. Accordingly, it stated that the uninsured motorist act must be liberally construed in order to achieve this legislative intent and any provision in the policy which is repugnant to the act will be disregarded.

No case in Pennsylvania has considered whether provisions denying coverage to owner-occupants of uninsured motorcycles are repugnant to the act. We find, however, upon review of the legislative and administrative interpretation of this act, that such exclusion should not be allowed.

---

[2] The said Act has now been amended by Act No. 397 of 1968.

The legislature, in promulgating the provisions of the uninsured motorist act specifically directed that policies issued conform with "provisions approved by the Insurance Commissioner." Pursuant to this directive, the Insurance Commissioner issued Regulation No. 14, Chapter No. 1, which became effective January 1, 1964, and which was in effect at the time of the accident in the instant case. The regulation instructed insurance companies under a paragraph entitled "Extent Of Coverage To Be Offered" that "[t]he extent of the coverage which shall be offered as 'Uninsured Motorists Coverage' shall be at least that coverage contained in Form No. 1 attached hereto and incorporated herein by reference which is the national standard form for this insurance. The Insurance Department is hereby establishing the coverage in Form No. 1 as the minimum coverage which will be approved by this Department as satisfactorily complying with the requirements of the above Act."

The provisions set forth by the Insurance Commissioner in Form No. 1 are substantially similar to those provisions which are found in the instant policy. However, one critical difference appears in the exclusion provision with which we must be concerned. The instant policy provided that there shall be excluded from coverage "bodily injury to an insured while occupying . . . a *land motor vehicle* owned by the named insured . . . if such vehicle is not an insured automobile." [Emphasis added.] The exclusion allowed by the Insurance Commissioner in Form No. 1 provided, however, that the coverage would not apply "to bodily injury to an insured while occupying an *automobile* (other than an insured automobile) owned by a named insured. . . ." [Emphasis added.] Thus, State Farm in this case broadened the exclusion allowed by the Insurance Commissioner by excluding coverage for occupying any uninsured motor vehicle, whereas the Insurance Commis-

sioner limited his permissible exclusion only to those occupying an uninsured automobile.[3]

Several courts in other jurisdictions have construed provisions similar to those in the Insurance Commissioner's Form No. 1. Each has specifically held that such provisions only deny coverage to one occupying an uninsured automobile; they do not deny coverage to one occupying any other type of uninsured motor vehicle, such as a motorcycle. See in particular, *Westerhausen v. Allied Mutual Insurance Company*, 258 Iowa 969, 140 N.W. 2d 719 (1966); *Valdes v. Prudence Mutual Casualty Company*, 207 So. 2d 312 (Fla. App. 1968). Cf. *Dorrell v. State Fire Casualty Co.*, CCH Automobile Cases—Insurance. ¶6255 (Fla. App. 1969). Thus, had State Farm not broadened the terms of the exclusion by using the words "land motor vehicle" rather than "automobile", Bankes would have been covered.

Moreover, it would appear, although we do not here so decide, that even the Commissioner's limited exclusion was never contemplated by the legislature. The uninsured motorist act was recently amended by Act No. 397 of 1968 which became effective January 1, 1969. When this amendment was enacted, most uninsured motorist policies contained three exclusions similar to the ones contained in State Farms policy here. They excluded coverage if:

1. The insured settles with the third party;

2. The insured is occupying an uninsured automobile owned by the insured; or

3. Benefits inure directly or indirectly to any workmen's compensation fund.

Senate Bill 961, which was the bill from which the amendment was ultimately taken, contained each of

---

[3] Our courts have regularly held that unless specifically included by statute or contract, the term automobile does not include "motorcycle". *Paupst v. McKendry*, 187 Pa. Superior Ct. 646, 145 A. 2d 725 (1958).

these exclusions. In particular, it contained exclusion 1 (e) (4) which corresponded to exclusion 2 above and which provided that the coverage required by the act does not apply "[t]o bodily injury sustained by the insured while in or upon or while entering into or alighting from a motor vehicle other than an automobile described in the insured's policy of insurance . . . if the injured insured is the owner of such other automobile." Thus, this proposal sought to include the disputed exclusion 2 above within the amended statutory framework. Yet, while exclusions 1 and 3 above were specifically included in the 1968 statutory amendment, exclusion 2 was stricken and not adopted by the legislature. There thus appears a definite legislative intent to deny the exclusion claimed by State Farm in this case and to extend uninsured motorist coverage even to individuals occupying uninsured automobiles.

In summary, our Supreme Court and Legislature have indicated that the provisions of the uninsured motorist act must be liberally construed so that innocent victims will be protected from irresponsible drivers. The intent of this act is that an insured recover those damages which he would have received had the uninsured motorist maintained liability insurance. In effect, it provides a substitute for compulsory automobile insurance. The lower court's decision allowing the exclusion in this case, however, would undercut that purpose and intent.

We conclude, therefore, that it was not the intention of the legislature to deny coverage to drivers of motorcycles who, through no fault of their own, are struck down as a result of the negligent driving of uninsured motorists.

We reverse the judgment of the lower court and enter judgment for the plaintiff in the amount stipulated by the parties.

WATKINS, JACOBS, and SPAULDING, JJ., dissent.