Novakovsky *v.* Hartford Accident and Indemnity Company, Appellant.

Argued April 14, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Charles J. Duffy, Jr.,* with him *Lancaster, Mentzer, Coyne and Duffy,* for appellant.

*Leonard E. Price,* with him *Edward A. Mihalik,* and *Conte, Courtney, Tarasi & Price,* for appellee.

OPINION BY HOFFMAN, J., June 22, 1971:

This case involves an uninsured motorist claim which was submitted to common law arbitration in accordance with the provisions of appellee's automobile insurance policy. Early in January of 1970 a complete hearing was held before an arbitrator and briefs were submitted by both parties in support of their respective positions. On May 8, 1970, the arbitrator entered an award in favor of appellant-defendant thereby denying appellee-plaintiff's claim.

Appellee filed a petition to vacate the arbitration award in the Common Pleas Court of Allegheny County. After argument, the court vacated the award and remanded the case for a hearing before a new arbitrator. From this order, the instant appeal followed.

Appellee's contention, accepted by the trial judge, was that the arbitrator's determination constituted "gross" or "palpable" error and is therefore reviewable. As support for this position, appellee relies on the fact that prior to the arbitration award, on March 23, 1970, this Court handed down *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970) (Allocatur denied), which declared invalid and unenforceable an uninsured motorist exclusionary clause identical to a relevant provision contained in the policy involved in the instant case.[1] Appellee contends that *Bankes* is controlling and that the arbitrator, who had not seen *Bankes* prior to the entry of the award, ignored the applicable law in reaching his decision.

To hold that appellee is entitled to appeal the arbitrator's award would require us to reverse the position consistently taken by our appellate courts that, in common law arbitration, the arbitrator is the final judge

---

[1] *Bankes* appeared in the Pennsylvania advance sheets on April 17, 1970, prior to the award of the arbitrator.

of both the facts and the law and that his decision will not be reviewed or disturbed for mistake of either. "The decision of the arbitrator in a common-law arbitration is binding and cannot be attacked unless it can be shown by clear, precise and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, corruption or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award." *Smith v. Employers' Liability Assurance*, 217 Pa. Superior Ct. 31, 33-34, 268 A. 2d 200, 201 (1970); e.g., *Great American Insurance Co. v. American Arbitration Association*, 436 Pa. 370, 260 A. 2d 769 (1970); *P. G. Metals Co. v. Hofkin*, 420 Pa. 620, 218 A. 2d 238 (1966); *Harwitz v. Selas Corporation of America*, 406 Pa. 539, 178 A. 2d 617 (1962).

The reasoning behind this rule was clearly enunciated in *Westinghouse Air Brake Co. Appeal*, 166 Pa. Superior Ct. 91, 97, 70 A. 2d 681, 684 (1950), where this Court noted that "a contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally." We believe that this reasoning is still applicable today. Any dilution of this rule could greatly endanger what has become an increasingly important adjunct of our judicial system.

In the instant case, all that has been shown is that the arbitrator made a mistake of law. This, however, is not sufficient. The misconduct necessary to overturn an arbitrator's award is not merely a mistake of law, nor even several mistakes aggregated together. *Great American Insurance Co. v. American Arbitration Association*, supra at 373, 260 A. 2d at 770. Appellee has not alleged fraud, misconduct or corruption. An examination of the record reveals that the arbitrator

held extensive hearings and allowed both parties to submit briefs before a decision was made. He stated by deposition that he reviewed both the testimony and the briefs before arriving at his conclusion. On such a record we certainly cannot say that appellee was denied a hearing. In light of the strong policy favoring the finality of common law arbitration awards, we cannot say that the rendition of the award was "unjust, inequitable or unconscionable."

We thus find that the lower court erred in vacating the arbitrator's award. The order of the Court of Common Pleas of Allegheny County is reversed, and the award of the arbitrator is reinstated.