Hain *v.* Keystone Insurance Company, Appellant.

Argued June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Wendell H. Livingston,* for appellant.

*Jerold Allen,* with him *Benjamin Kuby,* and *Klovsky, Kuby and Harris,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

The issue presented on appeal is whether the court below erred in entering an order pursuant to an award of arbitrators in a case involving uninsured motorist coverage.

Appellee, Betty Hain, was insured under an automobile insurance policy issued by appellant, Keystone In-

surance Company, which provided, inter alia, $10,000 of uninsured motorist coverage. On September 27, 1970, appellee was involved in an accident with an uninsured motorist while a passenger in her own automobile. As a result of this accident, appellee sustained serious personal injuries. On the date of the accident, appellee lived with her daughter and her son-in-law, Hugh Brown. Appellant had issued a separate automobile insurance policy to Brown covering two automobiles and providing for $10,000 of uninsured motorist coverage for each automobile.

As a result of the injuries she sustained in the accident of September 27, appellee filed claims against appellant under the uninsured motorist provisions of both her own policy and Brown's policy. On July 31, 1973, the parties orally submitted the dispute to common law arbitration. On August 30, 1973, the arbitrators announced an award of $25,000 in favor of appellee. The arbitrators did not submit an opinion or explanation of the award. Appellant paid appellee the $10,000 which it conceded that it owed her under the terms of her own policy, but denied any liability to the appellee under the terms of her son-in-law's policy. On September 24, 1973, appellee filed a petition to confirm the award of the arbitrators. Appellant filed a petition to vacate or modify the arbitrators' award. On January 4, 1974, the Honorable Ned L. Hirsh of the Court of Common Pleas of Philadelphia County entered an order granting appellee's petition to confirm and denying appellant's petition to vacate or modify the award. This appeal followed.[1]

---

[1] Appellee's petition and appellant's petition were docketed as two separate cases in the court below (Court of Common Pleas of Philadelphia, September Term, 1973, Nos. 1648 and 4215 respectively). Strictly speaking, the case on appeal to this Court is appellee's petition to confirm the arbitrators' award, No. 1648.

At common law, the arbitrator is "the final judge of both law and fact, his award not being subject to disturbance for a mistake of either." *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 542, 178 A. 2d 617 (1962). Nevertheless, a party may have an arbitration award vacated by showing that "he was denied a hearing, or that there was fraud, misconduct, corruption or some *other irregularity* of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award, . . . ." *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 114, 299 A. 2d 585 (1973) (emphasis supplied). Our Supreme Court has recently given content to the term "other irregularity" by stating that an arbitration award may evidence "such bad faith, ignorance of the law and indifference to the justice of the result" as to require a court to vacate the award. *Allstate Ins. Co. v. Fioravanti,* 451 Pa. at 116, 299 A. 2d at 589.

Appellant alleges neither fraud, misconduct, corruption, nor denial of a hearing. Instead, appellant contends that the mere fact that the arbitrators allowed appellee to recover under Brown's policy, contrary to an allegedly lawful and explicit exclusion in that policy,[2] constitutes an irregularity sufficient to require a court to vacate the award.

While the damages granted in this case may have been at variance with the language of Brown's policy,

---

[2] Exclusion (a) to the uninsured motorist part of Brown's policy stated that the policy did not apply "to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative. . . ." Appellee was an "insured" occupying an automobile owned by herself, a "relative". Appellee was thus apparently excluded from coverage under this part of the policy unless she was occupying an "insured automobile." Appellant contends that the automobile owned by appellee in which appellee was a passenger could under no circumstances be considered an "insured automobile" within the definition of the policy.

we do not believe that the award meets the *Fioravanti* criteria for vacating an arbitration decision. As the arbitrators delivered no opinion, we cannot determine the grounds on which they based their award. Although the policy read as a whole may have excluded appellee from coverage, we cannot say that the arbitrators could not, in good faith, have consulted the policy and believed that appellee was covered. Appellant concedes that the arbitrators would have to read the coverage term of the policy, the exclusion to the coverage term, and the exclusion to that exclusion, each contained in different sections of the policy, before concluding that appellee was excluded from coverage. While we may disagree with the arbitrators' interpretation of this five-page, fine print contract, we cannot say that their conclusion amounted to such an "ignorance of the law and indifference to the justice of the result" as would cause a court to vacate the award.

Although a court must vacate a common law arbitration award which is arbitrary and capricious, or which evidences indifference to the governing law, we cannot say that this is such an award.

Order affirmed.

WATKINS, P. J., and VAN DER VOORT, J., dissent.