McGrew *v.* The Travelers Indemnity Company,
Appellant.

Argued April 10, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

218

*Walter J. Orze*, with him *Fred W. Dunton*, for appellant.

*J. Cris Soich*, with him *Stokes, Lurie & Tracy*, for appellee.

OPINION BY SPAETH, J., December 11, 1974:

Appellee was involved in an automobile accident while in the scope of his employment as an insurance agent. Since the operator of the other vehicle was uninsured, appellee sought to recover damages under the uninsured motorist provision of his automobile insurance policy, which was written by appellant.

The matter went to common law arbitration. In the meantime, appellee recovered $4,767.66 workmen's compensation benefits. The record is not entirely clear but apparently at the arbitration hearing appellant argued that these benefits should be set off against the award, citing a provision in the policy to that effect. The arbitrators, however, made an award of $5,500, without any setoff. Upon being notified of the award, appellant tendered appellee in full satisfaction a check for $1,732.34 (the award less the workmen's compensation benefits). Appellee refused to accept the check and filed an action in assumpsit against appellant to recover the entire award. In answering the complaint, appellant pleaded (as new matter) the setoff provision of the policy, alleging that therefore appellee was entitled to recover only the $1,732.34 tendered.

Both sides waived a jury trial. Judge WEKSELMAN entered a verdict for appellee in the amount of the arbitration award. He accompanied his verdict with an opinion explaining that he "neither reach[ed] nor decide[d] the question of the propriety" of the setoff provision, since he regarded the award as final. Exceptions to the verdict were dismissed by the court en banc, and judgment was entered on the verdict. This appeal followed.[1]

The law in this area may seem harsh, but it is clear. In the recent case of *United Services Automobile Association Appeal*, 227 Pa. Superior Ct. 508, 323 A. 2d 737 (1974), we collected and analyzed the cases dealing with review of common law arbitration of claims under a standard uninsured motorist clause and concluded that "the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable. [Footnotes omitted.]" *Id.* at 516, 223 A. 2d at 741.

When an arbitrators' award has been entered, the proper procedure to seek review is by petition to the court of common pleas to vacate the award. Here appellant did not file such a petition. Instead, when appellee attempted to collect the award by an action in assumpsit, appellant by pleading new matter attempted to use that action as a vehicle to relitigate the

---

[1] In fact there are two appeals, which have been consolidated. When the exceptions were dismissed, appellant appealed "on jurisdictional grounds," citing the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. When the judgment was entered, it filed a second appeal. We need not comment on this procedure.

propriety of the award. However, the fact that appellee sued on the policy rather than simply entering judgment on the award did not enlarge the scope of review available to appellant. *See Gretz v. Esslinger's, Inc.*, 416 Pa. 111, 204 A. 2d 754 (1964). Apart from this procedural aspect of the case, if we were to assume that appellant's new matter is to be considered as equivalent to a petition to vacate the award, even so, the new matter did not plead any reason why the award should be vacated. As Judge WEKSELMAN observed: "It may be that the Arbitrators have indeed committed an error of law. 'But as the decisions of this Court have reiterated, mistakes of judgment and mistakes of either fact or law are among the contingencies parties assume when they submit disputes to arbitrators.' Allstate Ins. Co. v. Fioravanti, [451 Pa. 108,] 115 [, 229 A. 2d 585, 589 (1973)]."

Order affirmed in No. 119. Appeal dismissed in No. 155.