363 A.2d 1138

Charles R. REINHART

v.

**STATE AUTOMOBILE INSURANCE ASSOCIATION,**
**Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1976.

Decided Sept. 27, 1976.

Carl A. Eck, Meyer, Darragh, Buckler, Bebenek & Eck, Arthur J. Murphy, Jr., Pittsburgh, for appellant.

Clyde T. MacVay, Evans, Ivory & Evans, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that because the appellee failed to produce sufficient evidence, the lower court erred in vacating an arbitration award in an uninsured motorist case.

On or before July 4, 1974, appellee's mother, Mrs. Helen Reinhart, renewed two automobile insurance policies issued by appellant, State Automobile Insurance Association. One insurance policy, policy number H7–1391–737–

001, covered her 1969 Mercury; the other policy number H7–1391–737–002, covered her 1969 Chevrolet. The policies provided identical "Family Protection Coverage", which obligated the appellant to pay the insured all sums to a maximum of $10,000 which the insured would be entitled to recover "from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such uninsured highway vehicle . . . ." The policies also contained the following exclusion: "This [uninsured motorist] insurance does not apply . . . to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured, or through being struck by such a vehicle, but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relatives; . . . ." Thus, the appellant sought to limit its uninsured motorist coverage to insured persons operating or occupying vehicles included in the policy application or endorsed onto the policy. The policy also required arbitration of all disputes between the policyholder and insurance company.

Appellee was the owner of a 1973 Yamaha motorcycle, which he sought to insure under his mother's automobile insurance policy. Appellant's agent informed appellee that appellant would not insure a motorcycle. Thereafter, appellee procured insurance from Gateway Insurance Company. On July 9, 1974, while appellee was operating his motorcycle, he was struck and seriously injured by a hit-and-run driver. Appellee filed a claim with his insurer, Gateway Insurance Company; but Gateway was dissolved by the Insurance Department of the Commonwealth of Pennsylvania shortly after the accident. Therefore, appellee's claim was never paid. Appellee

then filed a claim with appellant, but it denied liability and refused to pay.

On December 12, 1974, appellee filed a petition to compel arbitration.[1] Appellant's answer averred that the dispute was not arbitrable because appellee's claim was within the uninsured motorist exclusion quoted above. On March 27, 1975, the court below determined that a dispute involving the existence or nonexistence of coverage was arbitrable and ordered appellant to name an arbitrator. On August 21, 1975, following a hearing, the arbitrators held: "that there is no uninsured motorist coverage applicable to the claim of Charles R. Reinhart under the policies issued to Helen Reinhart."

On September 25, appellee filed a petition to vacate the arbitration award alleging that the decision was based solely on the applicability of an exclusion which was against public policy. In its answer, appellant alleged that it had defended the claim on several independent grounds, and that the arbitrators had considered and rejected the appellee's contention that the exclusion violated the public policy of the Uninsured Motorist Act.[2] Therefore, appellant contended that the court of common pleas lacked jurisdiction to vacate the award.

On October 17, 1975, the lower court vacated the arbitrators' award and ordered that appellee's claim be tried before a new board of arbitrators limited to the issues of fault and damages. On October 24, 1975, appellant filed

1. Appellant's petition to compel arbitration was filed pursuant to the Act of April 25, 1927, P.L. 381, No. 248, § 3; 5 P.S. § 163. Although the provisions of the Act of 1927 are not literally applicable to common law arbitrations and the more appropriate procedure would have been to bring an action for specific performance, we will treat appellee's petition to compel arbitration as a complaint.

2. August 14, 1963, § 1, as amended 1968, Dec. 19, P.L. 1254, No. 397, § 1, effective Jan. 1, 1969; 40 P.S. § 2000 et seq.

a petition for reconsideration, which was denied on October 27, 1975. This appeal followed.[3]

It is well-settled that all questions under an uninsured motorist clause with an arbitration provision are within the exclusive jurisdiction of the arbitrators. *Allstate Insurance Co. v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972); *Nationwide Mutual Insurance Co. v. Barbera*, 443 Pa. 93, 277 A.2d 821 (1971); *Pennsylvania General Insurance Co. v. Barr*, 435 Pa. 456, 257 A.2d 550 (1969); *United Services Automobile Assn. Appeal*, 227 Pa.Super. 508, 323 A.2d 737 (1974); *Hartford Insurance Group v. Kassler*, 227 Pa.Super. 47, 324 A.2d 521 (1974); *Allstate Insurance Co. v. Blackwell*, 223 Pa.Super. 401, 301 A.2d 890 (1973). A party who seeks review of an arbitration award must petition the court of common pleas to vacate the award. *Nationwide Mutual Insurance Co. v. Barbera*, supra; *Great American Insurance Co. v. American Arbitration Assn.*, 436 Pa. 370, 260 A.2d 769 (1970); *United Services Automobile Assn. Appeal*, supra. In order to overturn an arbitration award, however, the petitioner must show by clear, precise, and indubitable evidence that he was denied a hearing, or that fraud, misconduct, or other irregularity caused the entry of an unjust, inequitable, or unconscionable award. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *United Services Automobile Assn. Appeal*, supra; *Press v. Maryland Casualty Co.*, 227 Pa.Super. 537, 324 A.2d 403 (1974).

The appellant contends the appellee, as petitioner, failed to meet its burden of production. After considering

---

3. Appellant attempted to bolster his argument that the arbitration award rested on grounds independent of the disputed policy exclusion by submitting to this Court copies of the transcript of the arbitration hearing and affidavits from two of the arbitrators. Appellee filed a motion to quash this portion of the printed "record", and this Court deferred a decision on appellee's motion pending our decision on the merits. Because we do not rely on the documents submitted by appellant, it is unnecessary to decide appellant's motion to quash portions of the printed record.

appellee's petition to compel arbitration, appellant's answer, and the wording of the award of the arbitrators, the lower court concluded that there was no factual dispute and that the sole issue before the board of arbitrators was the legality of the disputed policy exclusion. The court then held that the wording of the policy exclusion was identical to the policy exclusion which this Court disapproved in *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa.Super. 162, 264 A.2d 197 (1970).[4]  Thus, we must decide whether it was proper for the court below to infer from the pleadings filed prior to the arbitration and from the wording of the arbitration award, that the only issue decided by the arbitrators was the applicability and validity of the disputed exclusionary clause.

■■■■■ A valid and binding common law arbitration agreement, though not subject to the provisions of the Act of 1927, may be specifically enforced by compelling the party who refuses to name an arbitrator to proceed under the terms of the contract. *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A.2d 43 (1938); *Joint Board of Waist and Dressmakers' Union of Philadelphia v. Rosinsky*, 173 Pa.Super. 303, 98 A.2d 447 (1953). See also 11 Standard Pennsylvania Practice 506–7 (1964). The proper procedure for a party seeking to compel arbitration is to bring an action in

4. In *Bankes v. State Farm Mutual Automobile Insurance Co.*, supra, we voided a policy exclusion because it violated the legislative policy of protecting motorists injured by financially irresponsible drivers.  In *Bankes*, supra, the policyholder purchased a motorcycle, but was injured by an uninsured motorist before the insurance policy could be amended to include the new vehicle. The policy provided a thirty-day grace period for notifying the company of newly acquired vehicles which would have been effective to extend coverage to the policyholder except for the fact that the disputed policy language excluded motorcycles from the grace period provisions.

We need not decide whether *Bankes*, supra, would control under the facts of the instant case.

equity for a mandatory decree.[5]   In such a suit for specific performance, the sole issue is the existence or non-existence of a binding agreement to arbitrate; every other legal and factual issue will be left to the arbitrators. *Allstate Insurance Co. v. McMonagle,* supra; *Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969); *United Services Automobile Assn. Appeal,* supra.   Thus, the fact that appellant's answer to the petition to compel arbitration only raised the issue of the applicability of the exclusion, would not preclude appellant from raising other defenses at the subsequent arbitration.   Not only was it unnecessary for appellant to raise other issues, it would have been improper for the court to entertain, prior to arbitration, any aspect of appellant's defense on the merits.   Because appellant was free to raise and litigate other matters in its defense of appellant's claim, we cannot conclusively state that the disputed exclusion was the sole basis for the award.   The wording of the award admits of several equally plausible explanations, only one of which was considered by the court below.

Because the court below improperly concluded that the arbitrator's reasons might be inferred from the pre-arbitration pleadings and the cryptic wording of the award, we must determine whether the order to vacate is justified by other evidence produced by the appellee.   It is incumbent on the party who seeks to vacate an arbitration award, to produce clear, precise and indubitable evidence of the errors alleged.   If the arbitrators do not clearly delineate the bases of their decision (and there is no requirement that the arbitrators set forth their reasoning in an opinion), and if the petition to vacate the award and the answer to the petition fail to agree upon the factual and legal bases of the award, then the petitioner must produce conclusive evidence of the issues decided by the arbitrators of which he complains, by affidavits, depositions or otherwise.   See *Hain v. Keystone In-*

5.  See note 1, supra.

*surance Co.*, 230 Pa.Super. 456, 326 A.2d 526 (1974); 11 Standard Pennsylvania Practice 627–29 (1964) *and cases cited therein.* We do not mean to suggest by this procedure that there is any lessening of the high burden upon the party who excepts to an arbitration award; every presumption is in favor of its validity. Only clear, precise, and indubitable evidence of fraud, misconduct or other grave irregularity will suffice; otherwise the petition to vacate must be dismissed.

In the instant case, the appellee, as petitioner, did not allege that the arbitration award was the product of fraud or misconduct on the part of the arbitrators. He sought to overturn the award by alleging that because the arbitrators used the disputed policy exclusion to deny coverage to the appellee they were guilty of such a gross misapplication of the law that the award was unconscionable, unjust and inequitable.

The appellant's answer averred several alternative bases for the award. Because the appellee failed to produce additional proof in support of his claim of grave irregularity, his petition to vacate must be denied. The lower court, therefore, erred in concluding that the award rested on the ground asserted by the petitioner and in passing on the merits of his claim. For this reason, the order of the lower court vacating the award must be reversed.

Order reversed, and arbitration award reinstated.

VAN der VOORT and SPAETH, JJ., concur in the result.