381 A.2d 986

In re Arbitration of American Arbitration Association Between Christine GALLAGHER, Admx. of Estate of Raymond J. Gallagher, Deceased and Christine Gallagher, Individually, Appellee,

v.

EDUCATOR AND EXECUTIVE INSURERS, INC., Appellant.

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided Dec. 28, 1977.

John J. Hart, Doylestown, for appellant.

James M. Schildt, Doylestown, with him Alan D. Williams, Jr., Doylestown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an Order of the court below vacating an award of a panel of three arbitrators which denied any recovery to the appellee on a claim for damages under the uninsured motorist provisions of an insurance policy issued by the appellant to the appellee's deceased husband. We must reverse the Order of the court below and reinstate the decision of the arbitrators for reasons hereinafter explained.

On or about August 5, 1973, appellee and her now deceased husband were the passenger and operator, respectively, of a motor vehicle involved in an accident with another motor vehicle which at that time was not covered by liability insurance. As a result of that accident, the appellee was injured and her husband was killed. It has been stipulated that the accident resulted solely from the negligence of the operator of the other motor vehicle. The motor vehicle operated by the appellee's deceased husband was owned by the appellee's father, one Robert Carey. The appellee and her husband's estate, of which the appellee is administratrix, recovered the sum of $21,000 from the Ohio Casualty Group on the basis of the uninsured motorist provisions of a policy issued by that group to Carey.

The appellee's husband carried liability insurance issued by the appellant herein which contained the uninsured motorist clause at issue in this case. The appellee, acting both as an individual and as administratrix of her husband's estate, demanded payment of the appellant under the uninsured motorist provision of its policy but appellant refused to pay. The appellant requested binding arbitration in accordance with the terms of its policy. A panel of three arbitrators was appointed under the rules and regulations of the American Arbitration Association, hearings were held, briefs filed and ultimately a ruling entered by the arbitrators denying recovery. No explanation was given by the arbitrators either in their ruling or later as to its basis.

The appellee obtained from the court below a rule to show cause why the arbitration award should not be vacated and, in due course, that order was made absolute and the award of the arbitrators vacated. The arbitration award was set aside by the lower court on the argument that the uninsured motorist provisions of the appellant's policy were illegal because unduly restrictive in the light of a ruling made by the Insurance Commissioner. The appellant's policy excludes from coverage bodily injury sustained by the insured—

" . . . while occupying an automobile . . . (other than an insured automobile) owned by the named insured or a relative . . . ".

The appellee contends that this is an illegal limitation because it does not contain an exception to the exclusion which appellee contends was mandated by the Insurance Commissioner in Regulation No. 14, Chapter No. 1, effective January 1, 1964, appearing in Pa. Code Section 63.2 and reading as follows:

" . . . but this exclusion does not apply to the principal named or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relative."

It is the appellee's contention, successful in the court below and repeated here, that she does not need to prove that the arbitrators' award was actually made upon the basis of the policy exclusion which she challenges, but that it is sufficient that the appellant denied liability upon the basis of the policy exclusion, even though it presented other defenses as well. We cannot accept this position.

■ The insurance policy here involved provides that all disputes and disagreements between the parties shall be submitted to binding arbitration. No reference is made to the Uniform Arbitration Act of 1927, 5 P.S. 161 et seq. It is well established that if an agreement providing for arbitration does not specify whether the Act of 1927 or common law principles should apply and there is no evidence that the parties elected to proceed under the Act of 1927 then common law principles apply: *P. Agnes, Inc. v. Philadelphia Home Association*, 439 Pa. 448, 451, 266 A.2d 696 (1970); *Smith v. Safeguard Mutual Insurance Company*, 212 Pa.Super. 83, 86, 239 A.2d 824 (1968) and cases cited therein.

■ In an arbitration governed by common law principles, the arbitrators are the final judges of both fact and law and the award is not subject to judicial review for mistakes of either. Until recently it was held in repeated decisions that the only basis on which such an arbitration award may be

reviewed is to establish by clear, precise and indubitable evidence that the appellee was denied a hearing or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrators which caused them to render an unjust, inequitable or unconscionable award: *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 542, 178 A.2d 617 (1962); *Novakovsky v. Hartford Accident and Indemnity Company,* 219 Pa.Super. 5, 6–7, 280 A.2d 669 (1971) and cases there cited. The reasoning behind the rule was explained in *Novakovsky,* 219 Pa.Super. p. 7, 280 A.2d p. 670 to be that "a contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally."

This narrow scope of review was broadened somewhat in *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974) in recognition of four decisions [1] of this Court where an appeal from an arbitrator's ruling had been sustained. We concluded that these four decisions established the principle that courts might appropriately take jurisdiction of an appeal from an arbitration award based upon a provision of an insurance policy which was challenged as contrary to constitutional, legislative or administrative mandate or against public policy or unconscionable. In explanation of that conclusion, we stated:

"Although not clearly apparent, there is a thread that runs through this maze. *Ellison, Blumling, Bankes* and *Ealy* may seem to be exceptions to the rule that all disputes arising under an uninsured motorist clause must go to arbitration (even if arbitration is waived), but in fact they are members of a very narrow separate class of cases that is not subject to the rule at all. What was in dispute in these four cases was the validity of some part

1. *Harleysville Mut. Cas. Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1968); *Nationwide Mut. Ins. Co. v. Ealy,* 221 Pa.Super. 138, 289 A.2d 113 (1972); *Bankes v. State Farm Mut. Auto. Ins. Co.,* 216 Pa.Super. 162, 264 A.2d 197 (1970); *Ellison v. Safeguard Mut. Ins. Co.,* 209 Pa.Super. 492, 229 A.2d 482 (1967).

of the uninsured motorist clause. What was in dispute in the other cases that may have been cited (including *Taylor* [*Allstate Insurance Co. v. Taylor*, 434 Pa. 21, 252 A.2d 618]) was the application of the clause and the construction of certain words and phrases in it. Thus the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable." (227 Pa.Super. 508, 516, 323 A.2d 737, 741.)

In at least two subsequent decisions we have reiterated this statement of our position: *McGrew v. Travelers Indemnity Company,* 231 Pa.Super. 217, 219, 331 A.2d 668, 669 (1974); *Runewicz v. Keystone Insurance Co.,* 234 Pa.Super. 355, 360, 338 A.2d 602 (1975). In *McGrew* we ruled the current state of the law to be as follows:

"The law in this area may seem harsh, but it is clear. In the recent case of *United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974), we collected and analyzed the cases dealing with review of common law arbitration of claims under a standard uninsured motorist clause and concluded that 'the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable. [Footnotes omitted.]' *Id.* 227 Pa.Super. at 516, 323 A.2d at 741."

However, it does not follow that one brings his case within the principle of *United Services* without proving by clear, precise and undubitable evidence that the award was made on the basis of the policy language under attack: *Reinhart*

*v. State Automobile Insurance Association,* 242 Pa.Super. 18, 363 A.2d 1138 (1976).

In *Reinhart* a lower court had vacated an arbitration award which denied recovery under uninsured motorist insurance to one who was injured while riding a motorcycle. The insurer contended before the arbitrators that its policy did not cover a motorcycle, a restriction ruled to be illegal in *Bankes, supra,* 216 Pa.Super. 162, 264 A.2d 197. The arbitrators ruled that "There is no uninsured motorist coverage applicable to the claim . . . under the policy." The award was challenged on the basis that it rested on a policy exclusion which was against public policy. The lower court sustained this position and ordered that the claim be retried before a new Board of Arbitrators and limited to the issues of fault and damage. We reversed on the basis that it had not been established that the arbitration award had been based upon the policy exclusion, stating (242 Pa.Super. at pp. 25–26, 363 A.2d at pp. 1141–42)—

"Because appellant was free to raise and litigate other matters in its defense of appellant's claim, we cannot conclusively state that the disputed exclusion was the sole basis for the award. The wording of the award admits of several equally plausible explanations, only one of which was considered by the court below.

"Because the court below improperly concluded that the arbitrator's reasons might be inferred from the pre-arbitration pleadings and the cryptic wording of the award, we must determine whether the order to vacate is justified by other evidence produced by the appellee. It is incumbent on the party who seeks to vacate an arbitration award, to produce clear, precise and indubitable evidence of the errors alleged. If the arbitrators do not clearly delineate the bases of their decision (and there is no requirement that the arbitrators set forth their reasoning in an opinion), and if the petition to vacate the award and the answer to the petition fail to agree upon the factual and legal bases of the award, then the petitioner must produce conclusive evidence of the issues decided by the

arbitrators of which he complains, by affidavits, depositions or otherwise. See *Hain v. Keystone Insurance Co.,* 230 Pa.Super. 456, 326 A.2d 526 (1974); 11 Standard Pennsylvania Practice 627–29 (1964) *and cases cited therein.* We do not mean to suggest by this procedure that there is any lessening of the high burden upon the party who excepts to an arbitration award; every presumption is in favor of its validity. Only clear, precise, and indubitable evidence of fraud, misconduct or other grave irregularity will suffice; otherwise the petition to vacate must be dismissed.

"In the instant case, the appellee, as petitioner, did not allege that the arbitration award was the product of fraud or misconduct on the part of the arbitrators. He sought to overturn the award by alleging that because the arbitrators used the disputed policy exclusion to deny coverage to the appellee they were guilty of such a gross misapplication of the law that the award was unconscionable, unjust and inequitable.

"The appellant's answer averred several alternative bases for the award. Because the appellee failed to produce additional proof in support of his claim of grave irregularity, his petition to vacate must be denied. The lower court, therefore, erred in concluding that the award rested on the ground asserted by the petitioner and in passing on the merits of his claim. For this reason, the order of the lower court vacating the award must be reversed."

On similar reasoning we must reverse the order of the court below in this case. The arbitrators' award contained no explanation of the basis on which it was made; it simply denied recovery. The parties do not agree upon the facts upon which the award was made or upon its legal basis. The appellee has failed to produce evidence by affidavit, deposition or otherwise of the issues pending before or decided by the arbitrators. The appellant contends that in the arbitration it raised the issue of whether the insured vehicle which was registered to Robert Carey did in fact belong to him in view of its regular use by the appellee and

her husband. We have no way of knowing what weight, if any, was given to the fact that the appellee had already recovered $21,000 under another policy. The arbitrators merely entered an order without opinion or explanation denying the claim of the appellee. The lower court acknowledged in its opinion that "We obviously have no way of knowing the basis upon which their conclusion was reached."

The order of the court below is reversed and the award of the arbitrators is reinstated.