## Gerardi v. Harleysville Insurance Company

*Lawrence Sager,* for plaintiff.
*William H. Pugh, IV,* for defendant.

AVRIGIAN, *J.*, September 25, 1980—This action at law was commenced by plaintiff in January, 1980. By it, plaintiff sought to recover for damages suffered in an auto accident which occurred on March 11, 1978, while a passenger in an uninsured

motor vehicle on the Island of Saint Lucia. The complaint having been answered, plaintiff moved for a partial summary judgment, defendant for dismissal. An appeal has been filed challenging this court's order of July 17, 1980, granting plaintiff's motion and denying defendant's.

In substance, this appeal turns upon the enforceability of territorial limitation clauses in uninsured motorist policies written in Pennsylvania. At the time of the accident, both parties were domiciled in Pennsylvania. Plaintiff maintained uninsured motorist coverage with defendant. That policy (No. GA232799) contained a clause limiting the territorial effect of the coverage. It stated:

"We cover accidents or losses which occur during the policy period:

A. In the United States of America, its territories or possessions, Puerto Rico or Canada; or

B. While the covered auto is being transported between any of these places."

The complaint states that the accident occurred on the Island of Saint Lucia. At the time of the accident, St. Lucia was an associated state within the British Commonwealth (it has since achieved its independence). Viewed upon its face, it would appear that the policy upon which plaintiff's case is based does not extend coverage to accidents occurring in Great Britain's dependencies. In this instance, however, the policy is also governed by Pennsylvania uninsured motorist coverage act of August 14, 1963, P.L. 909, as amended, 40 P.S. §2000. Since that statute was enacted, the courts of the Commonwealth have liberally construed the statute and found coverage unless equally strong legal or equitable considerations to the contrary are present: Sands v. Granite Mutual Insurance Co.,

232 Pa. Superior Ct. 70, 80, 331 A. 2d 711, 716-17 (1974). Interpretations of policies which have afforded the widest coverage for the insured have been adopted: Shamey v. State Farm Mutual Automobile Insurance Co., 229 Pa. Superior Ct. 215, 223, 331 A. 2d 498 (1974). And policy provisions considered unduly restrictive have been declared invalid: Brader v. Nationwide Mutual Ins. Co., 270 Pa. Superior Ct. 258, 411 A. 2d. 516 (1980); Bankes v. State Farm Mutual Automobile Insurance Co., 216 Pa. Superior Ct. 162, 168, 264 A. 2d 197, 200 (1970). These decisions are founded upon the Pennsylvania Supreme Court's finding that the legislative purpose of the uninsured motorist coverage act of 1963 was to provide monetary compensation to those persons who while lawfully using the highways themselves suffered serious injuries because of the negligence of uninsured and impecunious motorists: Pattani v. Keystone Insurance Company, 426 Pa. 332, 338, 231 A. 2d 402, 404 (1967); Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968). A liberal construction of the statute was mandated so that this objective could be fully realized.

The question of whether territorial limitations upon uninsured motorist policies are valid did not arise in Pennsylvania until 1977. In Schmitt v. Hertz Autovermietung GMBH No 2, 6 D. & C. 3d 410 (1978), the Court of Common Pleas of Allegheny County, upon reargument, held territorial limitation clauses invalid. That case involved an auto accident in Poland and a territorial exclusion clause substantially similar to the one at bar. In her opinion Judge Ross held at p. 415: "It has become clear that the public policy in Pennsylvania is strongly bent towards protecting the innocent vic-

tim of negligent drivers. This policy must inure to the benefit of the citizens of the Commonwealth wherever they may be when that unfortunate circumstance occurs."

A court of common pleas is not bound by stare decisis to follow the decisions of another court of equal jurisdiction. However, where such decisions are persuasive, they will ordinarily be followed. This court does find the opinion of the Allegheny County Court persuasive and based upon sound consideration sustains the plaintiff's motion for a partial summary judgment.