## Pocono Hospital v. Pennsylvania Nurses Association

*Edward H. Feege* and *Todd R. Williams*, for petitioner.

*David W. Knauer*, for respondent.

VICAN, *J.*, June 16, 1983—Petitioner hospital and respondent union entered into a collective bargaining agreement on May 15, 1982, following a lengthy strike by the nurses association. This agreement encompassed the contractual rights of both full- and part-time nursing personnel employed by petitioner hospital. After the nurses had returned to work, a dispute arose between the union and the hospital regarding the order in which the nurses had been recalled.

The collective bargaining agreement provided for a three-step internal grievance procedure to be followed prior to submitting a grievance to arbitration. If a dispute had not been settled at the completion of the third step, the contract provided that a written notice of intention to proceed to arbitration had to be submitted within ten working days for the grievance to be arbitrable.

On or about June 2, 1982, after unsuccessfully

submitting the dispute in steps one and two of the grievance procedure, respondent union filed a class action grievance pursuant to step three of the grievance procedure. On June 8, 1982, the respondent union received a written answer from the petitioner denying the union's step three demands. Subsequently, on or about June 10, 1982, Susan Hazen, R.N., Labor Representative of the nurses association, contacted petitioner's representative and requested a meeting concerning petitioner's answer. This meeting was arranged and took place on June 16, 1982. During the course of this meeting, Susan Hazen asked that she be given until June 22, 1982 to notify the hospital of the union's intention to have the grievance submitted to arbitration. Petitioner agreed to this request the following day.

Petitioner hospital received written notification of respondent union's intention to arbitrate on June 24, 1982 in a letter dated June 21, 1982, but postmarked June 23, 1982. Because of the uncertainty as to both when step three was completed and when notice of the request to arbitrate had effectively been made, a question arose regarding the timeliness of the grievance.

On November 5, 1982, a hearing was held before the arbitrator on the sole issue of whether the grievance had been filed within the ten-day time constraint imposed by the collective bargaining agreement. After the conclusion of this hearing, the arbitrator ruled that the grievance had been timely filed and advised the parties to prepare for final arbitration of the dispute. Petitioner hospital then filed a petition to vacate the arbitrator's holding regarding the timeliness of the grievance, and the matter is now before this court.

## DISCUSSION

Petitioner hospital, in its petition to vacate, contends that the written notice of the request to arbitrate was not made prior to the expiration of the ten-day contractual time limit as extended to June 22, 1982. Respondent union, on the other hand, contends first, that this court is without subject matter jurisdiction to review the arbitrator's holding due to its interlocutory nature, and second, that the notice provided to the hospital was timely made. Respondent union also argues that certain depositions offered to the court by petitioner regarding the arbitration proceedings should be stricken since only an official transcript would provide a true and accurate depiction of the arbitration proceedings.

Pennsylvania has enacted the Uniform Arbitration Act at 42 Pa.C.S.A. §7301 et seq. Under this act, Pennsylvania courts are granted the authority to vacate an arbitrator's *award* in certain situations. 42 Pa.C.S.A. §7314(a)(1)(i)-(v). The preliminary question to be answered by this court is what constitutes an "award" for purposes of the Arbitration Act. The term is not defined in the statute, and Pennsylvania case law has never decided the issue of whether an arbitrator's finding that a grievance has been timely filed is an appealable "award." Respondent union argues that such a finding is not an award within the meaning of the arbitration statute, and hence, is not subject to review by this court prior to final arbitration. We disagree.

In International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, Local No. 776 v. Standard Motor Freight, Inc., 260 F. Supp. 269 (M.D. Pa. 1966), a case decided under federal labor law, the court was pre-

sented with a situation similar to the instant case. Since Pennsylvania labor law substantially parallels federal labor law, this case provides guidance in deciding the instant case. In International Brotherhood, an arbitrator's preliminary determination that employee grievances were timely filed was appealed to the district court prior to final arbitration. Although the court did not decide the issue of the interlocutory nature of the appeal, by its confirmation of the arbitrator's award the court gave tacit approval to such appeals. Similarly, in American Can Company v. United Papermakers & Paperworkers, 356 F. Supp. 495 (E.D. Pa. 1973), another case filed under federal labor law, the district court was faced with the issue of whether a single arbitrator could hear multiple employee grievances in a single arbitration proceeding. The arbitrator had held in the first half of a bifurcated arbitration proceeding that he was so empowered, and the employer appealed. Once again, the court did not decide the interlocutory order issue, but rather, confirmed the arbitrator's ruling thereby permitting the interlocutory appeal.

It is arguable that the American Can case has subsequently been limited in Pennsylvania law by the holding in Friedman v. Friedman, 277 Pa. Super. 428, 419 A. 2d 1221 (1980). This case dealt with the appeal of an arbitrator's preliminary holding regarding the time and place of the final arbi-
tration hearing. In affirming the lower court's decision not to consider the appeal, the Pennsylvania Superior Court stated that "A petition to vacate, modify, and correct an arbitration award should be directed toward a *final award,* and not an interlocutory order . . ." 277 Pa. Super. at 431, 419 A. 2d at 1223. (Emphasis added). It should be noted,

however, that the Friedman case, as did the American Can case, dealt with procedural questions regarding how and where the arbitrations were to proceed, and not whether the arbitrations were to occur at all as in the instant case.

Finally, in Detroit Coil Company v. International Association of Machinists & Aerospace Workers, Lodge #82, 594 F. 2d 575, 100 LRRM 3138 (6th Cir. 1979), a federal labor law case remarkably similar to the case at bar, the Sixth Circuit Court of Appeals considered the merits of an arbitrator's holding that a grievance was timely filed. This review took place prior to the final arbitration hearing, and once again, the interlocutory appeal issue was not considered.

Bearing in mind the Pennsylvania Supreme Court's admonishments against court interference in the preliminary stages of arbitration proceedings (see Pennsylvania Labor Relations Board v. Bald Eagle Area School District, 499 Pa. 62, 451 A. 2d 671 (1982); Scranton Federation of Teachers, Local 1147, AFT v. Scranton School District, 498 Pa. 58, 444 A. 2d 1144 (1982), this court is nonetheless of the opinion that the arbitrator's finding regarding the timeliness of the union's grievance constitutes an appealable award within the meaning of the Pennsylvania Arbitration Act, 42 Pa.C.S.A. §7301 et seq. Had the arbitrator held that the grievance had not been timely filed, then that decision would undeniably have constituted a final "award" since absent an appeal, the arbitration process could not continue.

The next question facing this court concerns the admission of certain depositions regarding the arbitration hearing. A transcript was not made of the arbitration proceedings, and petitioner has offered these depositions to provide this court with some

information regarding the testimony and exhibits presented at the arbitration hearing. Although the court is hesitant to accept such depositions, we can find no reason for denying their limited use.

In Reinhart v. State Automobile Insurance Association, 242 Pa. Super. 18, 363 A. 2d 1138 (1976), the Pennsylvania Superior Court made the following statement:

"It is incumbent on the party who seeks to vacate an arbitration award to produce clear, precise and indubitable evidence of the errors alleged. If the arbirators do not clearly delineate the bases of their decision . . ., and if the petition to vacate the award and the answer to the petition fail to agree upon the factual and legal bases of the award, then the petitioner must produce conclusive evidence of the issues decided by the arbitrators of which he complains, by affidavits, *depositions,* or otherwise." 242 Pa. Super. at 25, 363 A. 2d at 1141-42. (Emphasis added.)

See also, Gallagher v. Educator & Executive Insurers, 252 Pa. Super. 414, 381 A. 2d 986 (1977) (citing Reinhart with approval); Hain v. Keystone Insurance Company, 230 Pa. Super. 456, 362 A. 2d 526 (1974). These cases support the use of depositions in arbitration appeals, and on the basis of which the depositions will be accepted for purposes of Pocono Hospital's petition to vacate.

The final issue to be considered by this court concerns the arbitrator's finding that the notice of respondent union's intention to proceed to arbitration was timely made. The general rule regarding review of an arbitrator's award permits a court to vacate an award if in rendering it, the arbitrator exceeded his authority. 42 Pa.C.S.A. §7314(a)(1)(iii). In labor dispute situations, arbit-

rators are not considered to have exceeded their powers if their decisions can in any rational way be derived from the essence of the collective bargaining agreement. Port Authority of Allegheny County v. Amalgamated Transit Union Division 85, 492 Pa. 494, 424 A. 2d 1299 (1981); Community College of Beaver County v. Community College of Beaver County, Society of the Faculty, 473 Pa. 576, 375 A. 2d 1267 (1977); County of Allegheny v. Allegheny County Prison Employees Independent Union, 476 Pa. 27, 381 A. 2d 849 (1977). An arbitrator's decision-rendering function also includes the authority to decide procedural questions absent an express limitation in the contract. School District of the City of Duquesne v. Duquesne Education Association, 475 Pa. 279, 380 A. 2d 353 (1977); Kardon v. Portave, 466 Pa. 306, 353 A. 2d 368 (1976). Broad judicial deference is also granted to arbitrators' decisions regarding the arbitrability of the subject matter of a grievance. Scranton Federation of Teachers, Local 1147, AFT v. Scranton School District, 498 Pa. 58, 444 A. 2d 1144 (1982); County of Allegheny v. Allegheny County Prison Employees Independent Union, 476 Pa. 27, 381 A. 2d 849 (1977); York County Hospital and Home v. District Council 89, AFSCME, AFL-CIO, Local 1485, 57 Pa. Cmwlth. 336, 426 A. 2d 1124 (1981).

In the instant case, the arbitrator made the following factual determinations. First, he found that the time constraints contained in the collective bargaining agreement were intended to be strictly adhered to, and that the parties considered time to be of the essence. Second, he found that the purpose of the June 16, 1982 meeting between respondent's labor representative, Susan Hazen, and petitioner was to discuss petitioner's answer to the step-three filing of the grievance. At this meeting, Ms. Hazen

stated that she knew that she had ten days to file for arbitration and asked for a June 22 deadline. In regard to this June 16 meeting, the arbitrator stated in his opinion that "If, as the Association contends the 16th was the 3rd step, they would have ten days in which to answer and request arbitration, then their request would still be timely." The arbitrator then went on to discuss whether the notification letter dated June 21, 1982 but postmarked June 23, 1982 and received by petitioner on June 24, 1982, constituted "notice" within the June 22 time limitation. Finding that the letter did constitute "notice" within the specified time period, the arbitrator found the union's grievance to be arbitrable.

Pocono Hospital, in its petition to vacate, argues that the arbitrator's finding regarding the effectiveness of the notice is wholly without contractual support since the letter was not received until June 24, 1982, two days after the deadline for notification had passed. In support of its argument, petitioner relies heavily upon Detroit Coil Company v. International Association of Machinists & Aerospace Workers, Lodge no. 82, 594 F. 2d 575, 100 LRRM 3138 (6th Cir. 1979), a federal labor law case coming out of the sixth circuit. This case involved a strikingly similar fact situation to the case at bar in that it too considered the question of when a letter constituted notice for purposes of a time limitation contained in a collective bargaining agreement. As in the instant case, the notification letter in Detroit Coil had been dated prior to the expiration of the contractual time limit, but was not received until after the time limit had expired. The Sixth Circuit Court of Appeals held that only the *receipt* of the letter constituted notice and vacated the arbitrator's award that the notice was timely.

In the case at bar, this court need not consider the

applicability of the above case, however, since it finds that respondent union had until at least June 26, 1982 to notify petitioner of its intention to arbitrate. As was stated previously, the June 16th meeting was convened specifically for the purpose of discussing respondent union's step three grievance filing. The relevant collective bargaining agreement provisions are as follows:

Art. XVII, §17.1 *Step 3:*

If the grievance is not settled in Step 2, the grievance may, within five (5) working days after the answer in Step 2, be presented in Step 3. A grievance shall be presented in this Step to either the Director of personnel of the Director of Employee Relations and he shall render a decision in writing within five (5) working days after the presentation of the grievance in this Step. *At the request of the Association, either the Director of Personnel or the Director of Employee Relations shall meet with the Association representative(s), an outside representative of the Association, and the grievant to discuss the grievance.* (Emphasis added.)

Art. XVIII, §18.1:

A grievance . . . which has not been resolved . . . may, within ten (10) working days after completion of Step 3 of the grievance procedure, be referred to arbitration. . . .

It is clear from a close reading of Section 17.1 that the June 16 meeting was part of the step three grievance procedure. The contract specifically provides for such a meeting, and included the provision under the "Step 3" heading. The arbitrator's opinion noted the possibility that the meeting was part of the third step, but did not expand upon the issue since the arbitrator found that the June 22

deadline had been met. This court will not consider the issue of whether the notice occurred on June 21, when the letter was dated, on June 23, when the letter was postmarked, or on June 24, when the letter was received, since for purposes of this case, the issue is irrelevant. The ten working-day grace period began at the completion of the June 16 meeting which concluded step three of the grievance process. Since the hospital received respondent union's notification letter prior to June 26, 1982, notice was timely made. This is so despite Ms. Hazen's incorrect belief that the ten-day time limit had commenced on June 8, 1982, with the receipt of petitioner's answer to the step three grievance filing. Susan Hazen's request for the June 22 deadline was based upon her false assumption, and this court will not penalize the union for her mistake. As was stated in Community College of Beaver County, supra, an arbitrator's award will be upheld if it "can in any rational way be derived from the agreement, viewed in light of its language, context, and any other indicia of the parties intention." 473 Pa. at 593, 375 A. 2d at 1275 (1977). Accordingly, this court finds that the arbitrator's award regarding the timeliness of the grievance was rationally based upon the terms of the collective bargaining agreement.

Therefore, in accordance with the foregoing, we enter the following

## ORDER

And now, June 16, 1983, the court finds that Pocono Hospital's petition to vacate the arbitrator's award fails to state sufficient grounds for the order requested, and it is hereby ordered that Pocono Hospital's petition is denied.