## McCahan *versus* Reamey.

If an agreement to submit a case to arbitration provide, that the award shall be final and conclusive, and that neither party shall have a right to appeal or file exceptions to it; the parties are concluded by their agreement, and have withdrawn from the court its power to rectify a mistake of fact on the part of the referees, on exceptions filed to their award.

ERROR to the Common Pleas of *Blair county.*

This was an action of *assumpsit* by Daniel K. Reamey against James A. McCahan, for building a brick house.

On the 6th December 1858, the parties, by agreement filed, referred all matters in controversy in this suit, without declaration or statement filed, unto James Barr, John Barr, and Joseph A. Landis, as referees; and agreed that they, or a majority of them, should ascertain and determine the amount due from the defendant to the plaintiff, for building and erecting the western end of the defendant's new brick building; that the award of the said referees, or a majority of them, should be final and conclusive, without the right of either party to appeal, or *file exceptions to the award;* and that the prothonotary, on the filing of said award, should enter judgment on the same.

On the 6th January 1859, the referees filed their award, finding for the plaintiff the sum of $1173.35, on which judgment was entered. On the 24th January 1859, the defendant filed exceptions to the award, on the ground that there were palpable mistakes in the calculations and statements made by the referees; and supported the same by affidavits. And on the 4th March 1859, the court below dismissed the exceptions, because the parties by their submission had stipulated not to file exceptions. The defendant, thereupon, sued out this writ, and here assigned the same for error.

*Banks,* for the plaintiff in error, cited Sands *v.* Rolshouse, 3 *Barr* 456 ; Rogers *v.* Playford, 2 *Jones* 181 ; Christmas *v.* Thompson, 3 *S. & R.* 133 ; Murray *v.* Henrie, 1 *Jones* 412 ; Act 16th June 1836, *Brightly's Purd.* 42.

*Calvin,* for the defendant in error, cited Monongahela Navigation Co. *v.* Fenlon, 4 *W. & S.* 205 ; Wightman *v.* Pettis, 5 *Casey* 288 ; Andrews *v.* Lee, 3 *Penn. R.* 99 ; Cuncle *v.* Dripps, *Id.* 291.

The opinion of the court was delivered by

STRONG, J.—The parties voluntarily submitted all matters in controversy in this case to referees. The agreement of submission stipulated that the award of the referees should be final and conclusive ; that neither party should have a right to appeal or file exceptions to it, and that the prothonotary should enter judgment thereon when it should be filed.

Pursuant to the submission, an award was made in favour of the plaintiff in the court below, and upon it judgment was entered. The defendant then filed exceptions, alleging that the referees had made mistakes of fact, and the exceptions were fortified by affidavits. The court below, however, dismissed them, on the ground that the defendant had, in the agreement to refer, waived his right to except, and concluded himself. This is the only error assigned.

It is impossible for us to reverse this decision without entirely disregarding the stipulation which the parties made a part of their agreement of submission, namely, that neither party should have a right to except. In the absence of that stipulation they had, under the Act of Assembly, a right to except for three causes, and for three only. One of those causes was a plain mistake in matter of fact or law. The only imaginable purpose of the agreement not to file exceptions was to take away this right. Each party agreed to take the risk of mistakes by the referees. If, as contended by the plaintiff in error, the effect of the stipulation was only to waive exception to mistaken judgment, then it was entirely unmeaning, for that was done by the submission itself, without the provision that neither party should have a right to except. The plaintiff in error has therefore withdrawn from the court its power to rectify a mistake of fact, if one was made. That the court may disregard the agreement of the parties not to appeal or file exceptions has not been seriously contended, and certainly cannot be claimed successfully. Where the agreement of submission merely stipulates that the award shall be "final and conclusive," exceptions have been entertained. Such was the case of Mussina *v.* Hertzog, 5 *Binn.* 387. TILGHMAN, C. J., remarked, that those words are common to every rule of reference, and leave the report subject to the opinion of the court, upon exceptions duly filed. He declined deciding what would be the rule, after a

[McCahan v. Reamey.]

plain and clear agreement not to file exceptions. In the same case, BRACKENRIDGE, J., said, that if the defendant had agreed not to file exceptions, he would have been bound. Such was also Large v. Passmore, 5 S. & R. 51. But a party is precluded by an express agreement not to appeal or file exceptions. This was ruled in Andrews v. Lee, 3 Penn. R. 99, and reaffirmed in Rogers v. Playford, 2 Jones 183, and in Bingham's Trustees v. Guthrie, 7 Harris 419. Such, also, is the doctrine of Wightman v. Pettis, 5 Casey 283. Indeed, such agreements have been held to estop a party against claiming a writ of error, which is a writ of right: Ranck v. Becker, 12 S. & R. 416; Cuncle v. Dripps, 3 Penn. R. 291; Townsend v. Masterson Stone Dressing Company, 1 Smith N. Y. 587.

If, therefore, the plaintiff in error has suffered in consequence of a mistake by the referees, the injury is remediless. It is not in our power to give relief.

The order of the Court of Common Pleas dismissing the exceptions is affirmed.