## Coleman v. Southeastern Pennsylvania Transportation Authority, Appellant.

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lewis H. Van Dusen, Jr.,* and *Robert J. Spiegel,* with them *Drinker, Biddle & Reath,* for appellant.

*Herbert Braker,* for appellee.

OPINION BY PRICE, J., March 31, 1975:

This appeal primarily raises the question of the scope of review of an arbitration award made pursuant to a stipulation entered into between the parties. The lower court held that under the stipulation the parties have waived their rights to file exceptions to the award. We agree and will affirm on that ground. Therefore, there

is no need to set forth the factual background of the accident giving rise to this trespass action.

The entire stipulation follows: "Submission to Arbitration" "AND NOW, this 24th day of September, 1973, JOSEPH J. COLEMAN by his attorney, Herbert Braker, Esquire, and SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, by its attorney, Robert J. Spiegel, Esquire, hereby submit the dispute as set forth in the pleadings in the above matter to arbitration by the Honorable Stanley M. Greenberg, who shall be the final judge of law and fact. It is agreed that this is a voluntary submission under the Act of June 16, 1836, P.L. 715, 5 Purdon's Statutes §1 through §8. /s/ Joseph J. Coleman Plaintiff /s/ Herbert Braker, Attorney for Plaintiff; SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY By: /s/ Emil F. Toften, Deputy /s/ Robert J. Spiegel, Attorney for Defendant. Dated: September 24, 1973" [R7a]

Appellant seeks review of the award under Section 4 of the Act of 1836, alleging only that the arbitrator made plain mistakes of fact or law. Specifically, appellant alleges that the award was excessive, that the medical evidence was insufficient to support the award, that the plaintiff was contributorily negligent, and that the collateral source rule should not be applied in this case.

Appellee, however, contests appellant's ability to appeal and asserts that appellant has waived its right to appeal the award of the judge, sitting as arbitrator. Appellee's contention is based on the language of the stipulation that the arbitrator "shall be the final judge of law and fact." The lower court agreed wth appellee that the only reasonable interpretation of the stipulation was to "take away the respective rights of the parties as established by the Act to appeal from alleged mistakes of law or fact," and thus to withdraw "from the Court the power to rectify a mistake of fact or law, if one was made." [R 337a]

The lower court's interpretation follows the reasoning of *Wingate Construction Co. v. Schweizer Dipple, Inc.,* 419 Pa. 74, 77, 213 A.2d 275, 276-77 (1965): "In order to determine whether an arbitration is one at common law or under the Arbitration Act, we examine the language in the contract and the procedure followed during the arbitration. The language of paragraph 20 of the contract calls for arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The contract does not call for arbitration under the Pennsylvania Arbitration Act. *However, the contract does provide that awards shall be binding. The provision making the award final is, of course, inconsistent with the Pennsylvania Arbitration Act,* which permits broad, judicial review of the arbitration award, while common law arbitration is reviewable only for fraud, misconduct, or some other irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award. *Harwitz v. Selas Corp.,* [406 Pa. 539, 178 A.2d 617 (1962)]." [Emphasis added.] The *Wingate* court decided that the arbitration proceedings were at common law and, therefore, refused to review issues of fact and law.

The interpretation of the instant stipulation was also in accord with *McCahan v. Reamey,* 33 Pa. 535 (1859), a case in which the parties agreed that the award of the referee would be final and conclusive and preclude either party's right to file exceptions. The court noted at 536: "The only imaginable purpose of the agreement not to file exceptions was to take away this right [to appeal on the basis of a plain mistake of fact or law]. Each party agreed to take the risk of mistakes by the referees. If, as contended by the plaintiff in error, the effect of the stipulation was only to waive exception to mistaken judgment, then it was entirely unmeaning, for that was done by the submission itself, without the provision that neither party should have a right to except. The plaintiff

in error has therefore withdrawn from the court its power to rectify a mistake of fact, if one was made. That the court may disregard the agreement of the parties not to appeal or file exceptions has not been seriously contended, and certainly cannot be claimed successfully. . . ."

The instant case is similar to *McCahan v. Reamey, supra.* The stipulation entered into by Mr. Coleman and SEPTA contains language used in common law arbitration agreements and inconsistent with statutory arbitration. The only reasonable construction of the contradictory language is that the parties intended to be bound by whatever decision the arbitrator made and, therefore, to waive any right to appeal under Section 4 of the Act of 1836, thus resorting to common law arbitration causes for appeal.

As the Pennsylvania Supreme Court stated in *John A. Robbins Co., Inc. v. Airportels, Inc.,* 418 Pa. 257, 261, 210 A.2d 896, 898 (1965) : ". . . [T]he import of the cases is that when the agreement to arbitrate is not by itself determinative of the issue [of whether common law or statutory arbitration rules apply] then common law rules regulate the enforcement of the agreement and the award, unless, subsequent to the agreement, the parties, expressly or by implication, further agree that the Act . . . shall govern."[1]

Having determined that the instant case involved common law arbitration rather than arbitration pursuant to the Act of 1836, we note that the common law rules relative to appeal govern the scope of review by this court. That scope has been set forth in innumerable cases, most recently in *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 114, 299 A.2d 585, 588-89 (1973) : ". . . '[i]f the appeal is from a common law award, appellant, to suc-

---

1. The Act involved in *John A. Robbins Co., Inc. v. Airportels, Inc.,* 418 Pa. 257, 210 A.2d 896 (1965), was the Act of April 25, 1927, P.L. 381, No. 248, §1 (5 P.S. §161) *et seq.*

ceed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either.' *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 542, 178 A.2d 617 (1962).''

The appellant has not shown nor has it alleged any element of fraud, misconduct, corruption, or irregularity in the arbitration proceeding. Therefore, we will affirm the judgment of the lower court.[2]

---

2. In view of our disposition based on our limited scope of review, we do not find it necessary to decide the merits of the case.

---

CONCURRING OPINION BY SPAETH, J.:

I agree with the conclusion of the lead opinion, that appellant is precluded by the "Submission to Arbitration", *ante* at 443, from raising on appeal any alleged errors of law or fact. However, I do not agree that this is so because under the submission the principles of common law arbitration apply to this case. Rather, I would hold that under the submission the provisions of the Act of June 16, 1836, P.L. 715, 5 P.S. §§1-8, apply. I would therefore allow appellant to raise any issues it would be allowed to raise under that Act, except to the extent that it is precluded from doing so by the wording of the submission.

Section 4 of the Act of 1836, *supra,* sets forth the bases on which exceptions may be taken: "The party against whom an award shall be made, as aforesaid, may except thereto, within such time as the court, by their rules, shall direct, for either of the following causes, and for no other, viz.: I. That the arbitrators or umpire misbehaved themselves in the case, or II. That they commit-

ted a plain mistake in matter of fact, or matter of law, or III. That the award was procured by corruption or other undue means." *Id.,* 5 P.S. §4. The submission in the present case, by providing that the arbitrator "shall be the final judge of law and fact," precludes appellant from bringing any exceptions under subsection II. However, it does not preclude appellant from bringing exceptions under subsections I and III; and although these exceptions are no broader than the exceptions that could be brought under common law, that is not the same as saying that the arbitration was a common law arbitration rather than a statutory one.

In none of the cases cited either in the lead opinion or by appellant was an arbitration statute mentioned in the submission itself. The closest case is *J. A. Robbins Co., Inc. v. Airportels, Inc.,* 418 Pa. 257, 210 A.2d 896 (1965). There the arbitration clause in a contract made reference only to "prevailing arbitration law." At the beginning of the arbitration hearing, one party announced that it read this clause to refer to the Uniform Arbitration Act, Act of April 25, 1927, P.L. 381, No. 248, 5 P.S. §§161-181. The other party disagreed, and the hearing continued without resolution of this question. On appeal, our Supreme Court held that in the absence of any reference to a specific statute, an agreement providing for arbitration under "prevailing arbitration law" meant common law arbitration. Likewise, in *Freeman v. Ajax Foundry Products, Inc.,* 398 Pa. 457, 159 A.2d 708 (1960) (*per curiam* affirmance of opinion reported at 20 Pa. D & C 2d 128 (1959)), the agreement that the Uniform Arbitration Act, *supra,* should be assumed to be the intended law in any contract written after 1927 was explicitly rejected. Again it was held that a reference to arbitration law, without any reference to a specific statute, would be construed as providing for common law arbitration.

The submission in this case makes specific reference to the Arbitration Act of 1836, *supra*. I read this as a statement by both parties that they intended that the law and procedures set forth in that Act should govern; I do not see how else it can be read. The lead opinion, by holding that common law principles apply, needlessly nullifies this statement of intent in order to give meaning to the provision that the arbitrator "shall be the final judge of law and fact." I would give meaning to that provision and still effectuate the parties' intent by holding that the Arbitration Act of 1836 does apply, but that appellant is precluded from raising any issue under §4 (II) of that Act.

The procedures under both the Arbitration Act of 1836 and the Uniform Arbitration Act of 1927, *supra,* are different from the procedures under common law arbitration. I would not deprive the parties of the benefits of the procedures of one of the acts when they clearly intended that the act apply, and when it is sufficient to preclude them from invoking only one subsection of the act. It happens in the present case that I agree with the conclusion reached by the lead opinion, but that is only because the issue that appellant seeks to raise is under §4 (II) of the Arbitration Act of 1836, and the parties by their submission have agreed that that may not be done. In another case, however, it may appear that the parties have specified the Uniform Arbitration Act of 1927, also providing, as here, that the arbitrator is to be the final judge of law and fact. In such a case, under the lead opinion the arbitration would be a common law arbitration. That result, however, would defeat the parties' intent and (unlike the result here) would be a matter of practical consequence. Here, by agreeing that no exceptions could be brought under §4 (II) of the Arbitration Act of 1836, the parties to all practical effect agreed to a common law arbitration, since the exceptions that could be brought under §4 (I) and §4 (III) are no broader than

the exceptions that could be brought under common law. In the case I have supposed, however, that would not be so. The Uniform Arbitration Act of 1927 provides protections far broader that at common law, and an agreement that the arbitrator should be the final judge of law and fact would not so reduce the scope of those provisions as to make the ensuing arbitration equivalent to one at common law.

I would therefore affirm the order of the court below on the basis that although the arbitration was under the Arbitration Act of 1836, *supra,* appellant agreed by the submission that it could not raise the issue it now seeks to raise.

JACOBS and HOFFMAN, JJ., join in this opinion.