419 A.2d 1221

**Stanley FRIEDMAN, Appellant,**

v.

**Barbara FRIEDMAN and American Arbitration Association.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 25, 1980.

Edward Blumstein, Philadelphia, for appellant.

Bernard J. McLafferty, Norristown, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SPAETH, Judge:

This is an appeal from an order refusing to vacate or modify a determination that an arbitration should be held in Pennsylvania.

On May 9, 1974, Stanley Friedman, appellant, entered into a separation agreement with his wife, Barbara Friedman, appellee. The agreement provided for the support of Mrs. Friedman, the custody and support of the three children of the marriage, and the disposition of real and personal prop-

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

erty after the divorce. The parties were divorced in December 1974.

On November 30, 1977, Mrs. Friedman demanded arbitration pursuant to a clause in the separation agreement that provided that "[A]ny dispute arising out of this Agreement shall be resolved by arbitration." In her demand, which was to the American Arbitration Association, Mrs. Friedman alleged a breach of the separation agreement and requested relief in the amount of $16,652.07 plus payment of a life insurance premium referred to in the agreement. Her demand also requested that arbitration be held in Norristown, Pennsylvania.

On December 16, 1977, Mr. Friedman filed a complaint in equity and a petition for injunction, alleging compliance with the separation agreement and objecting to arbitration. One of his objections was that proper jurisdiction of Mrs. Friedman's action, whether litigated through arbitration or the courts, was in Colorado, where he lived. On March 15, 1978, the lower court denied the petition for injunction.

On May 15, 1978, the American Arbitration Association stated in a letter to counsel for both parties that it had "determined that Pennsylvania is the appropriate hearing locale." On June 16, 1978, Mr. Friedman filed a "Petition to Vacate, Modify or Correct [this] Determination," alleging that the American Arbitration Association had "neither the right, power, nor authority to determine" hearing locale, and no jurisdiction over him as a resident of Colorado. On July 12, 1978, the lower court denied this petition. Mr. Friedman appealed from this denial, and his appeal is now before us for disposition.

In the meantime, pending disposition of Mr. Friedman's appeal, both parties participated in a hearing in Philadelphia on April 30, 1979, before a domestic Relations Panel of the American Arbitration Association. They expressly agreed that by submitting to arbitration, Mr. Friedman did not waive the issues raised by his pending appeal to this court.

■ As appellant, Mr. Friedman argues that the lower court erred in denying his petition to vacate, modify and

correct the determination that the hearing should be in Pennsylvania. The petition, however, was properly denied, for it was premature. A petition to vacate, modify, and correct an arbitration award should be directed toward a final award, not an interlocutory order such as an order determining where the arbitration should be conducted. *See generally Runewicz v. Keystone, Inc.*, 476 Pa. 456, 383 A.2d 189 (1978) (common law arbitration).[1]

Even if appellant's petition be regarded as though it had been filed after a final award–and it is possible so to regard it, since here the arbitration has been held–still it was properly denied. Common law arbitration awards may be set aside only upon a showing of a denial of a hearing or fraud, misconduct, corruption or similar irregularity leading to an unjust, inequitable or unconscionable award. *Runewicz v. Keystone Ins. Co., supra; Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973); *Paugh v. Nationwide Insurance Co.*, 278 Pa.Super. ——, 420 A.2d 452 (1980). Here there was no such showing. To the contrary, by entering into the separation agreement, appellant expressly consented to arbitration in Pennsylvania. Paragraph 30 of the agreement provides:

Any dispute arising out of this Agreement shall be resolved by arbitration. The arbitrators shall be counsel for each party, hereinafter identified as witnesses to this Agreement. If counsel for each party are unable to agree on a resolution of any such dispute, a third party shall be selected by the two counsel. If the parties are unable to agree on the selection of such third arbitrator or if either of the counsel for the parties are unable or unwilling to serve, the arbitration shall be submitted to the Domestic Relations panel of the American Arbitration Association for resolution by three arbitrators under the then prevailing rules of such Association. In either event, the decision of the majority of the arbitrators shall be final and

1. The arbitration here was a common law arbitration, for the separation agreement does not expressly or impliedly provide for arbitration under the Arbitration Act of 1927, P.L. 381.5, P.S. § 161, *et seq. Runewicz v. Keystone Ins. Co., supra.*

binding on both parties, and judgment thereon may be entered in any court having jurisdiction.

One of the "prevailing rules" thus agreed to was Rule 5 of the American Arbitration Association Rules for the Interpretation of Separation Agreements, which provides:

TIME AND PLACE. The referee shall fix the time and place for each hearing. The AAA shall mail notice of the first hearing at least seven (7) days in advance, unless the parties by mutual agreement waive such notice.

Appellant has argued his appeal as though he has been improperly subjected to the jurisdiction of Pennsylvania courts. However, no Pennsylvania court has asserted jurisdiction over him. Instead, it has been appellant who has resorted to the Pennsylvania courts, in an effort to avoid an arbitration proceeding that he was contractually bound to participate in. Furthermore, and in any event, appellant has consented to the jurisdiction of Pennsylvania courts. As just noted, paragraph 30 of the separation agreement provides that

the decision of the majority of the arbitrators shall be final and binding on both parties, and judgment thereon may be entered in any court having jurisdiction.

Whether a Pennsylvania court is a "court having jurisdiction" depends upon whether the arbitration was properly held in Pennsylvania. Here, as we have discussed, it was. *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268 (2d Cir.1971) (similar situation; Southern District of New York held to have *in personam* jurisdiction over party claiming to be "stranger to the district" where arbitrators had properly designated New York City as locale of hearing).

Finally, some mention may be made of the lower court's order denying appellant's petition for injunction. Although not argued on this appeal, the propriety of this order is implicated in what has been said so far.

■ When presented with appellant's petition for injunction, the lower court's scope of inquiry was limited to two questions:

(1) was an agreement to arbitrate entered into; and

(2) does the dispute involved fall within the arbitration clause.

*Lincoln Univ. of Com. System of Higher Ed. v. Lincoln Univ. Chap. of A.A.U.P.*, 467 Pa. 112, 119, 354 A.2d 576, 580 (1970).

Here, this narrow inquiry was easily answered: there was an agreement to arbitrate, and the dispute did fall within the arbitration clause of the agreement.

Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute should be left to the arbitrator.

*Kardon v. Portate*, 466 Pa. 306, 310, 353 A.2d 368, 370 (1976).

The determination of where an arbitration should be held is a procedural question. By denying appellant's petition for injunction, the lower court properly left it to the arbitrators to decide that question.

Affirmed.