Commonwealth of Pennsylvania, Pennsylvania Game Commission, Plaintiff *v.* Luzerne County Tax Claim Bureau, Luzerne County Board of Assessment Appeals, Defendants.

Argued February 3, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Stuart M. Bliwas,* Chief Counsel, with him *William R. Pouss,* Assistant Counsel, for plaintiff.

*Sol Lubin, Winkler, Danoff and Lubin,* for defendant, Luzerne County Board of Assessment Appeals.

*John J. Gill, Jr.,* for defendant, Luzerne County Tax Claim Bureau.

OPINION BY JUDGE MACPHAIL, April 8, 1982:

The Commonwealth, Pennsylvania Game Commission) has filed a complaint in equity, addressed to our original jurisdiction, against the Luzerne County Tax Claim Bureau (Bureau) and the Luzerne County Board of Assessment Appeals (Board). The Commission challenges the levying of real estate taxes on certain of its property by the Lake-Lehman School District (District) for the fiscal year 1979-1980 and requests injunctive relief to prevent the Bureau from selling the land for delinquent taxes, to order the Bureau to discharge the lien against the property and to order the Board to remove the property from the Luzerne County tax assessment roll. The Bureau and Board have filed an answer to the complaint and the Commission has moved for judgment on the pleadings.

From the undisputed facts in the pleadings we learn that the Commission, on or about February 22, 1979, acquired title to a 3,119.43 acre tract located within the District in Luzerne County.[1] Property purchased by the Commonwealth for Commission use is exempt from taxation by virtue of Section 204(a)(7) of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204(a)(7) and Section 905 of The Game Law, Act of June 3, 1937, P.L. 1225, *as amended,* 34 P.S. §1311.905. The Commission, accordingly, sent notice of the purchase to the Luzerne County Commissioners and requested that the land be removed from the County's tax assessment roll beginning in 1980. The property was removed from the County's assessment records effective February 22, 1979. Taxes were subsequently levied by the District on the subject property for its fiscal year beginning July 1, 1979. The levy was based on the 1979 assessment roll which included the subject property. The roll was prepared *prior* to the purchase of the property by the Commission. Since the Commission failed to pay the levied taxes, the Bureau has taken statutorily prescribed measures to collect the delinquency.

The issue raised by the Commission here is whether real estate taxes may be collected when they are levied *after* certain real estate becomes tax-exempt but are based on an annual assessment which was set *prior* to the date on which the property became exempt.

In their answer to the Commission's complaint, the Board and Bureau allege that the Commission has an adequate remedy at law "under the provisions of the laws of the Commonwealth of Pennsylvania pertaining to assessments." Since this allegation is an objection to the failure of the Commission to exercise a statutory remedy, it raises a question of subject matter jurisdiction which we must address. *See Lashe v. North-*

---

[1] Luzerne County is a county of the third class.

*ern York County School District*, 52 Pa. Common-wealth Ct. 541, 417 A.2d 260 (1980).[2]

The law is clear that where the General Assembly has provided a mandatory and exclusive statutory remedy, equity lacks subject matter jurisdiction. *De-Luca v. Buckeye Coal Co.*, 463 Pa. 513, 345 A.2d 637 (1975). It is also recognized that where a statutory remedy exists, it is the exclusive remedy unless the statute also preserves the jurisdiction of the courts. *Myers v. Department of Revenue*, 55 Pa. Common-wealth Ct. 509, 423 A.2d 1101 (1980), *aff'd,* Pa. , 430 A.2d 1154 (1981). We must, therefore, determine whether the Commission had a statutory remedy available to challenge the tax levy and whether that remedy is exclusive.[3]

To repeat, the Commission in this case challenges the right of the District to levy taxes for its 1979-1980 fiscal year on the Commission's property on the ground that the property became tax-exempt prior to the date on which the taxes were levied. The Commission argues that it cannot be liable for taxes levied after February 22, 1979 since its tax "status" must be determined at the date of levy rather than the date of annual valuation of the property. Thus, the issue presented addresses the statutory power to tax exempt property which becomes exempt during a year for which an annual assessment has already been made.

We believe that the Commission clearly had a statutory remedy available to challenge the tax levied on its property. The remedy is one provided by the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7,

---

[2] Even if the issue was not raised by the Board and Bureau's answer, we would be constrained to raise the issue sua sponte. *Lashe.*

[3] Since there have been no constitutional challenges made in this case, the adequacy of any exclusive statutory remedy available is not in issue. *See Myers* and *Lashe.*

1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.803. The Tax Sale Law provides procedures for the collection of delinquent taxes. When the Commission failed to pay the taxes levied by the District in 1979, a return was apparently made to the Bureau pursuant to Section 306 of the Tax Sale Law, 72 P.S. §5860.306 indicating that property taxes remained unpaid on the subject property. The Commission thereafter, in April, 1980, received notice of the claim from the Bureau as required by Section 308 of the Tax Sale Law, 72 P.S. §5860.308. After a claim is filed, Section 314 of the Tax Sale Law, 72 P.S. §5860.314 provides a procedure by which the claim can be challenged:

> (a) Any claim for taxes may, prior to the time it becomes absolute, be set aside or reduced in amount by the bureau in which it is filed if the claim is found invalid in whole, or in part . . . for any . . . reason not involving a question which could have been raised by an appeal provided for by law.

> (b) Any defendant in any such claim . . . may file with the bureau exceptions to the claim as entered, or to any part of the claim. The bureau, after giving due notice to the taxing districts interested, shall hold a hearing thereon and either disallow the exceptions or allow the exceptions in whole, or in part. . . .

The Commission alleges in its complaint, and the Board and Bureau admit, that the Commission "contacted Luzerne County authorities and notified them that the subject property for which the school taxes were levied, was exempt from taxation at the time of said levy." We need not and cannot determine from this averment whether the Commission's communication constituted the filing of exceptions under Section 314. We do find, however, that this statutory remedy

was available to the Commission. Particularly relevant to our conclusion is Section 303 of the Tax Sale Law, 72 P.S. §5860.303 which provides, in part, that, "All property . . . shall be subject to claims for taxes, *except such property as is exempt by law from taxation,* or as is not made subject to taxation by law." (Emphasis added.) We believe that the presence of this provision in the Tax Sale Law evidences the General Assembly's intent to allow a challenge to a claim on the ground of tax exemption. We also conclude that the remedy provided by Section 314 is exclusive since the jurisdiction of the courts is not preserved thereby. In fact, Section 314(e) specifically provides that, "The remedy provided by this section to contest a tax claim entered shall be deemed exclusive except as herein otherwise provided."[4]

We, accordingly, conclude that this Court lacks subject matter jurisdiction to adjudicate the issue raised by the Commission's complaint because the Commission has failed to exercise an exclusive statutory remedy. The Commission's motion for judgment on the pleadings must, therefore, be denied and the complaint must be dismissed.

### ORDER

AND Now, this 8th day of April, 1982 the Plaintiff's motion for summary judgment is denied and the above-captioned complaint in equity is hereby dismissed.

---

[4] Our conclusion is not meant to imply that the issue of tax exemption may only be raised in a challenge to a tax claim. The "exclusive" nature of the remedy provided by Section 314 refers only to the fact that the jurisdiction of *the courts* is not preserved thereby. This does not necessarily mean that other *statutory* remedies may not be pursued. We note, for instance, that a challenge to the tax-exempt status of property can also be made through an assessment appeal proceeding. *See Y.M.C.A. v. Reading,* 402 Pa. 592, 167 A.2d 469 (1961) ; *In Re: Tax Sale, City of Johnstown,* 27 Som. 78 (C.P. Pa. 1971).