East Nottingham Township and East Nottingham Township Supervisors, Appellants *v.* John B. Fisher, Appellee.

Argued June 7, 1984, before Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Eric S. Coates,* for appellants.

*Gerald F. Glackin,* for appellee.

OPINION BY JUDGE COLINS, October 3, 1984:

East Nottingham Township and East Nottingham Township Supervisors (appellants) are appealing a decision of the Court of Common Pleas of Chester County sustaining appellee's preliminary objections to a Petition to Vacate or Modify a common law arbitration award.

The dispute concerns a contract entered into for the reconstruction of three bridges in East Nottingham Township. Appellee was awarded the contract based on specifications made and supplied by the Township Engineer. After starting work, the appellee refused to complete the contract, alleging that the specifications were inadequate. Subsequently, an assumpsit action was commenced against appellants for damages. In the interim, the three bridges were reconstructed by another contractor.

In September of 1978 the dispute was submitted to the American Arbitration Association for binding arbitration pursuant to the terms of the contract. The arbitrator subsequently awarded an amount of Twelve Thousand Three Hundred Seventy-five Dollars ($12,-375.00), to appellee, who had been seeking Thirty-Six

Thousand Eleven Dollars ($36,011.00) in damages. This figure represented the net balance saved after appellants had the project finished by another contractor.[1]

Appellants filed a Petition to Vacate or Modify the award alleging that it was based on clear mistakes of law and fact. Appellants did not allege denial of a hearing, fraud, misconduct, corruption, or other irregularity that would lead to an unjust, inequitable, or unconscionable award. Consequently, appellee filed preliminary objections in the nature of a demurrer averring that appellants' Petition to Vacate fails on its face to allege grounds for review of the arbitration award. The Court of Common Pleas of Chester County sustained the preliminary objections and this appeal followed.

We affirm.

The decision of the arbitrator in a common law arbitration is binding and cannot be attacked unless it can be shown that a party was denied a hearing, or that there was fraud, misconduct, corruption, or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award. *Friedman v. Friedman*, 277 Pa. Superior Ct. 428, 419 A.2d 1221 (1980). The parties here do not dispute that this is a common law arbitration matter[2]; however, appellants are claiming that the arbitrator's award of Twelve

---

[1] Appellee, John Fisher's bid      $119,375.00
Second contractor's bid      $107,000.00
Figure awarded by arbitrator
     to appellee      $ 12,375.00

[2] Our scope of review would be different if the matter involved the Pennsylvania Arbitration Act of 1927, P.L. 381, 5 P.S. §161 *et seq.* However, where a contract fails to specifically provide for the application of the Arbitration Act, as in the matter sub judice, we will apply common law arbitration standards. *Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 383 A.2d 189 (1978).

Thousand Three Hundred Seventy-five Dollars ($12,-375.00) was so excessive that it constituted misconduct and consequently should be set aside. We disagree.

Appellants contend that the Nine Thousand Five Hundred Ninety-six Dollars ($9,596.00) which had been paid to appellee, for work performed, is all that was due under any interpretation of the contract. It is well established that a common law arbitration award is not reviewable on the basis of error of law or fact by the arbitrators. *Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 383 A.2d 189 (1978).

In the matter sub judice, appellants do not contend that they were denied the opportunity to present their case to the arbitration as they saw fit. Their argument is that the award was so excessive that it amounted to misconduct on the part of the arbitrator. "Merely characterizing an arbitration award as excessive is insufficient to justify setting aside the award." *Cargill v. Northwestern National Insurance Company of Milwaukee, Wisconsin,* 316 Pa. Superior Ct. 139, 144, 462 A.2d 833, 835 (1983). Our review of arbitration awards will continue to be limited to the conditions spelled out in *Friedman.* A broader review of arbitration awards would defeat the purpose of the arbitration process.

For the reasons set forth above, the order of the Court of Common Pleas of Chester County, sustaining the preliminary objections of appellee, is affirmed.

### ORDER

And Now, October 3, 1984, the order of the Court of Common Pleas of Chester County, dated June 23, 1981, sustaining John B. Fisher's preliminary objections and sustaining the award of the arbitrator, is hereby affirmed.