## Weltman v. Pennsylvania Blue Shield

*Harold S. Weltman,* pro se.
*Carolyn B. McClain,* for defendant.

DALESSANDRO, *J.,* June 27, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on preliminary objections to the complaint filed by defendant Pennsylvania Blue Shield (Blue Shield).

## HISTORY AND FACTS

Plaintiff's pro se complaint, filed on April 18, 1986, seeks to recover $2,577.60 from defendant;[1] it is alleged that this sum was withheld pursuant to an early 1982 examination of plaintiff's dental patients' records by James Gillern, "on orders from Pennsylvania Blue Shield" (Complaint, paragraph 2). On May 9, 1986, Blue Shield filed preliminary objections; these are presently before us for disposition.

## DISCUSSION AND LAW

Blue Shield's preliminary objections are in the nature of a motion to strike for lack of subject matter jurisdiction, a demurrer, a motion to strike for lack of conformity to law or rule of court, and a motion for more specific pleading. In resolving these objections, we need only address the initial issue.

On September 30, 1975, plaintiff and Blue Shield entered into a participating doctor's agreement (de-

---

1. On January 30, 1986, plaintiff filed a complaint with District Justice Michael J. Collins of Wilkes-Barre. The complaint was dismissed, and Blue Shield's counterclaim was granted, awarding judgment for $4,052.16, plus interest.

fendant's preliminary objections, Exhibit A); the preliminary objections aver, and it is not disputed by plaintiff, that at the time of the subject occurrences, plaintiff was a participating doctor with Blue Shield. This relationship is governed by the Professional Health Care Services Plan Corporation Act, 40 Pa.C.S. §6301 et seq. (hereinafter referred to as the act). Section 6324(c) of the act provides as follows:

"Disputes.—All matters, disputes, or controversies relating to the professional health services rendered by the health service doctors, or any questions involving professional ethics, shall be considered and determined only by health service doctors as selected in a manner prescribed in the bylaws of the professional health service corporation." In accordance with section 6324(c), Article X of Blue Shield's bylaws provides for a dental review committee to resolve disputes between Blue Shield and participating doctors, such as plaintiff,[2] "[i]t is . . . recognized that where a statutory remedy exists, it is the exclusive remedy unless the statute also preserves the jurisdiction of the courts." Pa. Game Comm. v. Luz. Co. T. Claim Bur., 66 Pa. Commw. 20, 23, 444 A.2d 783, 785 (1982).

In the recent decision of Carlisle Pediatric Center v. Medical Services Assoc. of Pa., d/b/a Pennsylvania Blue Shield, Cumberland Co. C.P., 13-E 1984, our sister court in Cumberland County was faced with determining whether or not the sole and exclusive forum for the enforcement of contractual rights between participating doctors and Pennsylvania Blue Shield was the medical review committee; as in the case sub judice, fees were withheld from plaintiff in order to recoup overpayments made by

---

2. See Blue Shield's preliminary objections, Exhibit C.

Blue Shield to plaintiff for services performed. The court reviewed 40 Pa.C.S. §6324 and found that "[a]ny claim that the [Blue Shield] bylaws were not incorporated into the [participating doctor's] agreement must fail as the bylaws are referred to at least three times in the contract as well as being expressly incorporated by 40 Pa.C.S. §6324(c)." Carlisle Pediatric at 3. The court further held that "[i]n order to determine the propriety of [Blue Shield's] withholding validly earned fees we would necessarily have to examine the underlying controversy." Carlisle Pediatric at 3.

Exhibit D attached to the present plaintiff's complaint lists the bases for Blue Shield's refund calculation: periodontal services, usual charge discrepancies, patient exam discrepancies and record review discrepancies. Clearly, these are properly reviewed by the dental review committee because the items deal with the medical necessity of the services that were provided to plaintiff's dental patients. See Carlisle Pediatric, supra. Accordingly, we are of the opinion that the act, participating doctor's agreement and Blue Shield's statutorily authorized bylaws provide for an exclusive remedy to resolve disputes which arise between Blue Shield and its participating doctors. Emergency Medical Assocs., Ltd. v. Pennsylvania Blue Shield, Delaware County C.P., no. 82-2881, aff'd per curiam no. 01345 Philadelphia 1983 (Pa. Superior Ct., November 30, 1984). Thus, we must sustain defendant's preliminary objection challenging jurisdiction and dismiss the complaint.

## ORDER

It is hereby ordered as follows:

(1) Defendant's preliminary objection in the nature of a motion to strike for lack of subject matter

jurisdiction is sustained;

(2) Plaintiff's complaint is dismissed, with prejudice;

(3) In light of the foregoing, the remaining preliminary objections filed by defendant need not be considered.

## O'B v. O'B