## Donovan v. Pennsylvania Blue Shield

*Joseph E. Altomare,* for petitioner.
*T. Warren Jones,* for respondent.

MILLER, *P.J.,* April 10, 1992—We are called upon to determine whether or not a participating Blue Shield physician may seek equitable relief, declaratory relief, or a review by the court as to the decision of a medical review committee which concluded that he was overpaid by Blue Shield for services rendered to Blue Shield patients from April 1, 1988 through June 30, 1990.

We find that the plaintiff may not seek equitable or declaratory relief but may seek a review by the court under a narrow standard of review.

### BACKGROUND

The facts are not at all in dispute. Whether or not the plaintiff can do what he is attempting to do here is in dispute.

The factual background is straightforward. Defendant, Pennsylvania Blue Shield, is a professional health services plan corporation governed by, inter alia, 40 Pa.C.S. §6301

et seq. It sells medical insurance that provides indemnity to cover patient's bills for medical services rendered by "participating physicians."

The plaintiff is a medical doctor. He agreed to be a "participating physician" with Pennsylvania Blue Shield. That means that he would render medical services to patients covered by Pennsylvania Blue Shield and accept as payment in full for services rendered to the patient the amount that Pennsylvania Blue Shield paid him. The method by which payment is determined is not the subject of this suit at this point. Suffice it to say that a participating physician's normal and customary charges are considered in arriving at the amount that he will be paid for services rendered to a covered patient.

Plaintiff periodically submitted to defendant claims for payment of services rendered to covered patients. He received payment. Later on the defendant apparently claimed that it overpaid the plaintiff during the period from April 1, 1988 to June 30, 1990 and asked for a refund. The plaintiff disagreed with the defendant's assessment. The dispute was submitted to a medical review committee made up solely of health service doctors. That committee agreed with the defendant and determined that the plaintiff had been overpaid by $71,096. The defendant is asking for a refund by direct payment to it or by way of deduction from current and future payments it will be making to the plaintiff as a participating physician.

When the plaintiff became a "participating physician" he signed a "participating doctor's agreement" which provided, inter alia, that he would accept compensation for services rendered in accordance with applicable rules and regulation and the defendant's by-laws. That would include

40 Pa.C.S. §6324(c) which provides that all disputes relating to professional health services be determined by health service doctors in accordance with the defendant's by-laws.

The defendant's by-laws provide for a medical review committee that has a right to request the plaintiff make an appropriate refund as well as to direct withholding from future payments to cover a refund.

Procedurally, the matter is before this court on the defendant's preliminary objections in the nature of a motion to strike (Pa.R.C.P. 1017(b)). The plaintiff filed a complaint alleging that he submitted proper payment requests in accordance with published rates, that he was not overpaid, that he had no voice in the payment, that the defendant voluntarily made payment to him, that the defendant cannot now ask for a refund, that he is unable to calculate the proper amount of compensation he should have received, that he was not permitted to call or cross-examine witnesses at the hearing before the medical review committee, and that the refund would constitute immediate and irreparable harm for which he has no adequate remedy at law. He claims he made no provision for repayment and he would suffer great financial harm if he repays the defendant. As a result of all of that he asks the court to review the matter under the Local Agency Law (2 Pa.C.S. §751 et seq. via 42 Pa.C.S. §933(a)(2)). He also petitions for equitable relief asking for a permanent injunction and declaratory relief seeking a declaration that the defendant has no right to recover or recoup the alleged overpayments.

The defendant asks the court, by way of its preliminary objections to strike off many paragraphs in the plaintiff's petition on the theory that the court lacks subject matter jurisdiction. The defendant asserts that the only matter

which the court can entertain is the petition for review under very strict limitations.

## DISCUSSION

### Equitable and Declaratory Relief

The relationship between the plaintiff and the defendant is governed by the Professional Health Services Plan Corporations Act (40 Pa.C.S. §6301 et seq.), any contract which the plaintiff may have entered into, applicable regulations, and applicable by-laws of the defendant.

When the plaintiff agreed to become a participating physician he undoubtedly gained benefits and gave up rights. He has the benefit of the assurance of payment for his services rendered to persons who might otherwise not be able to pay him. In return he agreed to be governed by the contract, regulations and by-laws and agreed to accept, conceivably, a payment that would be lower in amount than he might receive from a direct payer or another insurer.

Relevant to this discussion is that he is bound to have this dispute decided by health service doctors that make up a medical review committee.[1]

The exclusive statutory authority for the adjudication of this fee or payment dispute resides with the medical review committee. *V.J. Hajjar Associates, Inc. v. Medical Service Association of Pennsylvania,* 15 D.&C.3d 251 (1980); *Weltman v. Pennsylvania Blue Shield,* 39 D.&C.3d 504 (1986); *Carlisle Pediatric Center v. Medical Services Association. of Pennsylvania,* 40 D.&C.3d 250 (1986); *Emergency Medical Associates Ltd. v. Penn-*

---

1. 40 Pa.C.S. §6324(C); Article II, sec. 6 of the defendant's by-laws.

*sylvania Blue Shield,* 70 Del. 538 (1983), *aff'd per curiam,* 339 Pa. Super. 623, 488 A.2d 1169 (1984).

In those cases separate lawsuits to enjoin the collection of an alleged overpayment or to recover a refund for an alleged overpayment were unsuccessful on the theory that common pleas courts did not have jurisdiction over such matters that were to be resolved by a medical review committee.

The only case to the contrary is *RRS Imaging Associates Ltd. v. Medical Service Association of Pennsylvania,* 49 D.&C.3d 339 (1988). That is distinguishable for it was not a suit to question overcharging but rather the method of calculating payment. *RRS Imaging, supra* at 343.

Finally, where the General Assembly has provided a mandatory and exclusive statutory remedy without preserving a parallel right to resort directly to the courts the remedy is exclusive, must be strictly pursued and a court of equity lacks subject matter jurisdiction. *Commonwealth, Pennsylvania Game Commission v. Luzerne County Tax Claim Bureau,* 66 Pa. Commw. 20, 444 A.2d 783 (1982); *Concerned Taxpayers of Beaver County v. Beaver County Board of Assessment Appeals,* 75 Pa. Commw. 443, 462 A.2d 347 (1983).

Therefore we will strike counts two and three as this court does not have jurisdiction to consider or grant equitable or declaratory relief.

## Petition for Review

This aspect of this case is more confusing and uncertain. The parties agree that the plaintiff has access to the court system for review but they disagree over the standard of review. We will not go into their intricate

thought processes but will summarize their respective positions.

The plaintiff painstakingly analyzes this and suggests that we must be guided by the Local Agency Law, 2 Pa.C.S. §751. He argues that the medical review committee is statutorily required and that the methods by which it is selected and the powers it has are decided by someone other than the plaintiff and defendant in concert. He concedes that the medical review committee is not an independent agency or a Commonwealth agency then takes a daredevil leap over the grand canyon of logic and concludes that the medical review committee *must* therefore be a local agency.

As such its actions are subject to judicial review under the local agency law (2 Pa.C.S. §751). Since there was no record of proceedings before the medical review committee the court may hear the appeal de novo or may remand the proceedings to the medical review committee to make a full and complete record (2 Pa.C.S. §754 (a)).

The medical review committee is not a local agency nor a Commonwealth agency any more than a labor arbitrator in public sector arbitration is a Commonwealth or local agency. See *Bamford v. Pennsylvania Insurance Guarantee Association,* 43 D.&C.3d 361 (1986).

Plaintiff finally argues a constitutional right of review citing *Millersville Annexation Case,* 2 Pa. Commw. 587, 279 A.2d 349 (1971), *affd* A.2d as controlling. We disagree. The medical review committee is not a court of record, is not part of the Pennsylvania Judiciary, and is not a governmental body or municipality. In *Millersville,* the Commonwealth Court reviewed a decision of a *lower court* and discussed the scope of review of a decision

of the lower court by the Commonwealth Court. None of that applies here.

The defendant believes that the proper scope of review to be applied is the same as where an appeal is taken from an arbitration award statutorily prescribed. It cites *Appeal of Upper Providence Police Delaware County,* 514 Pa. 501, 526 A.2d 315 (1987) where the Supreme Court limited review to: (1) the jurisdiction of the arbitration panel; (2) the regularity of the proceedings; (3) whether the panel exercised its powers to excess; and (4) constitutional questions.

In *Upper Providence,* the Supreme Court discusses the scope of review under Act 1986-111, 43 P.S. 217.7, a statute that not only requires binding interest arbitration in labor matters but specifically provides that no appeals shall be taken from an arbitration award. The defendant believes there is no difference between a statutorily mandated medical review committee and statutorily mandated interest labor arbitration.

It is significant that the Supreme Court, in *Upper Providence,* recognizes that the standard of review under Act 111 is different than the standard of review for the Pennsylvania Arbitration Act (42 Pa.C.S. §§7301-7320) applies.

We do not agree with the defendant either. In public sector labor disputes the parties are required to submit to *binding* arbitration. (43 P.S. 1103.903, 43 P.S. 217.7.) The plaintiff and defendant here agreed to arbitration but we do not get the sense that it was "binding" arbitration.

Defendant cites, but we have not discussed, cases involving appeals from zoning hearing boards. Those appeals are specifically approved by statute and may be subject to a different standard of review which is

statutorily provided either in the statutes creating those boards or in the Commonwealth Agency Law or Local Agency Law. We think the standard of review in this case should not be as strict as in a case where the legislature has provided by statute that there would be no appeal from binding arbitration.

Our analysis of the right to review and the scope of review is different than that proposed by either party.

This court does not have the power or the right to review this matter under the traditional methods of review by a court of common pleas, *i.e.* 42 Pa.C.S. §§933, 5105.

We think review in this court comes under common law arbitration. 42 Pa.C.S. §7341.

Our Commonwealth Court has said:

"A doctor can always seek review of an unfavorable medical review committee decision concerning a contractual provision with the professional health service corporation in the appropriate state court with jurisdiction over contract disputes." *Pennsylvania Blue Shield v. Commonwealth, Department Of Health,* 93 Pa. Commw. 1, 13-14, 500 A.2d 1244, 1250 (1985), *alloc. den.,* 514 Pa. 632, 522 A.2d 560 (1987).

Then:

"Health service 'regulations' which the department must review and approve are no more than contractual agreements between the doctor and the professional health service corporation." *Id.*

The contract provision, in this case, is neither a regulation nor a statute. *Pennsylvania Blue Shield v. Commonwealth, Department of Health supra* at 17, 500 A.2d at 1252.

The Superior Court dealt with this same case in another context. In *Kline v. Blue Shield of Pennsylvania,* 383 Pa. Super. 347, 556 A.2d 1365 (1989) the same doctors that were the subject of *Pa. Blue Shield v. Commonwealth, Department of Health, supra,* brought a suit challenging the ability of Blue Shield to withhold payments in order to recoup alleged Blue Shield overpayments to them. The Superior Court gives us two clues as to how we should proceed. It first suggests that there is the right to court review of a decision of the medical review committee and then suggests that it does not go through the Commonwealth Court which has jurisdiction over governmental matters but not contractual matters.

The medical review committee does not come close to meeting the definition of a local agency under the Administrative Agency Law or Local Agency Law (2 Pa.C.S. §101 et seq.). If there is any parallel or analogy to be drawn the medical review committee comes closer to common law arbitration than anything else. The plaintiff and defendant in this case were not obligated to agree to anything. Once the plaintiff agreed to be a participating doctor he and the defendant agreed to the manner in which a fee dispute would be resolved, even though that method was made obligatory by statute. It is true that the parties did not use the word "arbitrate" or "arbitration" but the effect is the same.

"Arbitration invokes an entirely distinguishable approach to the resolution of a dispute, by calling upon a third party to impose a solution to that which was not susceptible to mutual concordance." *Association of Pennsylvania State College* and *University Faculties v. Commonwealth of Pennsylvania and Secretary of Education,* 496 Pa. 315, 319, 436 A.2d 1386, 1388 (1981).

Contracts that provide for arbitration are valid and enforceable. *Mendelson v. Shrager,* 432 Pa. 383, 248 A.2d 234 (1968). When the parties agree to arbitration in clear and unmistakable manner every reasonable effort will be made to favor such agreements. *Emmaus Municipal Authority v. Eltz,* 416 Pa. 123, 204 A.2d 926 (1964). When parties engaged in a common enterprise agree to settle their dispute by arbitration they are bound by their commitments as much as if they have entered into a stipulation in court. *Wyoming Radio, Inc. v. National Association of Broadcast Employees and Technicians, AFL-CIO,* 398 Pa. 183, 157 A.2d 366 (1960).

There is a difference between judicial review under the Pennsylvania Arbitration Act (42 Pa.C.S. §7301) and under common law arbitration. *Keller v. Local 249 of International Brotherhood of Teamsters, Chauffeurs Warehousemen and Helpers of America,* 423 Pa. 353, 223 A.2d 724 (1966). For instance, common law arbitration awards are not reviewable on the basis or error of law or fact. *Pennsylvania Social Services Union Local 668 v. Commonwealth Department of Labor and Industry,* 105 Pa. Commw. 264, 524 A.2d 1005 (1987); *Flamini v. General Accident Fire and Life Assurance Corp.,* 328 Pa. Super. 406, 477 A.2d 508 (1984).

A common law arbitration award is binding and cannot be vacated or modified on appeal absent a clear showing that the unsuccessful party was denied a hearing, or that fraud, corruption or other irregularity caused the issuance of an unjust, inequitable or unconscionable award. *Elkins & Co. v. Suplee,* 371 Pa. Super. 570, 538 A.2d 883 (1988); *East Knottingham Township v. Fisher,* 85 Pa. Commw. 383, 482 A.2d 291 (1984).

506

Here the agreement does not indicate whether statutory or common law arbitration applies. In that event the common law rules of arbitration apply. *Bromley v. Erie Insurance Group,* 322 Pa. Super. 542, 469 A.2d 1124 (1983); *Coleman v. SEPTA,* 233 Pa. Super. 441, 335 A.2d 413 (1975).

Therefore the plaintiff does have the right to access the courts for review of a decision of the medical review committee. *Pennsylvania Blue Shield v. Commonwealth, Department of Health, supra; Kline v. Pennsylvania Blue Shield, supra.* The scope of review shall be that as provided for in common law arbitration (42 Pa.C.S. §7341).